[S. F. No. 6101. Department One.—January 27, 1913.]

## J. H. VAN HORNE, Appellant, v. IVAN G. TREADWELL and E. L. REESE, Respondents.

PLEDGE—REFUSAL TO RETURN PROPERTY—SINGLE CAUSE OF ACTION—JUDGMENT FOR RETURN—BAR TO SUBSEQUENT ACTION FOR DAMAGES—The wrongful refusal of a pledgee to redeliver the pledged property creates but a single cause of action in favor of the pledgor, and a judgment in his favor in an action for the return of such property is a bar to a subsequent action to recover damages for wrongfully withholding its possession, or for the repayment of attorney's fees incurred in the prior action.

ID.—DEPRECIATION IN VALUE OF PROPERTY DURING LITIGATION.—The continued withholding of stocks and bonds after the bringing of action to enforce their delivery, pending the litigation and up to the time of the enforcement of the decree, is not a new wrong redressible by a new action, but is simply a continuation of the original wrong for which the only redress given by the law must be had in the original action, and consequently a second action will not

lie for the damage due to depreciation in the value of the stocks or bonds occurring between the time of the commencement of the first action and the determination of such action on appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion of the court.

L. S. Melsted, and Edwin H. Williams, for Appellant.

H. H. McPike, and Crittenden Thornton, for Respondents.

SLOSS, J.—The court below sustained demurrers to the complaint, granting plaintiff leave to amend. No amendment having been filed within the time allowed, judgment was entered in favor of the defendants. The plaintiff appeals.

The complaint alleges the following facts: On June 30, 1910, plaintiff, who was then and has ever since been the owner of three thousand five hundred shares of the capital stock of the Sutter Hotel Company, pledged said shares to defendant Reese to secure the payment of a loan of two thousand dollars. In February, 1911, plaintiff, with Reese's consent, pledged said shares to defendant Treadwell to secure an advance of four thousand three hundred and fifty dollars made by Treadwell to plaintiff. It was agreed that out of the sum so advanced, Reese's loan should be repaid. This was done, plaintiff executing a note to Treadwell for four thousand three hundred and fifty dollars, and Reese turning over the stock to Treadwell upon receiving from the latter repayment of the two thousand dollar loan with interest. On March 26, 1911, plaintiff tendered to Treadwell payment of the full amount due upon the note, but Treadwell refused to accept said payment or to deliver the pledged stock. On March 31, 1911, plaintiff brought an action against the defendants to recover said stock, and tendered into court the sum of four thousand five hundred dollars in payment of all indebtedness due from plaintiff to Treadwell. On June 16, 1911, plaintiff recovered judgment in said action against defendants for the return of said three thousand five hundred shares of stock, and on June 19, 1911, Treadwell actually delivered the stock to plaintiff.

It is further alleged that on March 26, 1911, the day of the tender to Treadwell, plaintiff had received an offer of seven thousand five hundred dollars for said stock, "and was ready able and willing to sell said stock for said sum of $7,500." On the nineteenth day of June, 1911, and at all times subsequent to the sixteenth day of June, 1911, the value of the stock was four thousand five hundred dollars and no more. In the action to recover possession of the stock plaintiff was compelled to and did expend one thousand five hundred dollars in the pursuit of the property, i. e., in payment of attorney's fees. The complaint prays judgment for four thousand five hundred dollars.

So far as the plaintiff's demand is based upon the depreciation in the value of the stock, it is apparent that the action seeks to claim damages for the wrongful act of the defendants in withholding possession of the property which had already been regained by means of the former action. Such damages cannot be recovered for the simple reason that the plaintiff's right to them should have been litigated in the former action. The judgment there rendered was a conclusive adjudication of all matters, arising out of the withholding of the stock, which might have been presented to the court for determination. Whether we regard the first action as one in claim and delivery, or as a suit in equity for specific performance of the agreement to return pledged property on payment of the debt (in other words, a bill to redeem) there can be no question that in that action plaintiff was entitled to recover all damages sustained through the wrongful refusal of the defendants to redeliver the property. There was a total breach of a single and entire obligation, and the plaintiff could not split his demand for relief on account of such breach, so as to entitle him to recover a part of such relief in one action, and the remainder in another. The rule thus stated is applicable, even if we assume, contrary to what we consider the fair construction of the pleading, that the complaint shows that the elements of damage now sought to be recovered were not known or ascertainable at the date of the former judgment. The principle involved has been fully considered and discussed in the recent case of *Abbott* v. *The 76 Land & Water Co.,* 161 Cal. 42, [118 Pac. 425], and it is unnecessary to repeat the arguments there elaborated. It will suffice to quote from

the opinion a single sentence, applying directly to the precise case before us. "In accord with the views we have stated," says Angellotti, J., "it has been held that the continued withholding of stocks or bonds after the bringing of action to enforce their delivery, pending the litigation and up to the time of the enforcement of the decree, is not a new wrong redressible by a new action, but is simply a continuation of the original wrong for which the only redress given by the law must be had in the original action, and that, consequently, a second action would not lie for the damage due to depreciation in the value of the stocks or bonds occurring between the time of the commencement of the first action and the determination of such action on appeal. (See *Bracken* v. *Atlantic Trust Co.*, 167 N. Y. 510, [82 Am. St. Rep. 731, 60 N. E. 772] ; *Commerce Exchange Natl. Bank* v. *Blye,* 123 N. Y. 132, [25 N. E. 208].)

The demand for repayment of attorney's fees in the former action stands upon no different ground. If this was a proper element of damage at all, it was a damage which flowed from the single wrongful act of withholding redelivery of the stock. Plaintiff's right to reimbursement was therefore adjudicated against him by the judgment in the action to enforce such redelivery.

The judgment is affirmed.

Shaw, J., and Angellotti, J., concurred.