[L. A. No. 18479. In Bank. Feb. 23, 1943.]

TOM PANOS, Appellant, v. GREAT WESTERN PACK-ING COMPANY (a Corporation), Respondent.

Romaine Hogan for Appellant.

Jennings & Belcher, Stevens Fargo and Louis E. Kearney for Respondent.

GIBSON, C. J.—This is an action for damages for personal injuries received by plaintiff on December 6, 1939,

while he was on defendant's premises to make a purchase. The injuries resulted when he was struck by a large piece of meat which was being conveyed on an overhead trolley. Two months after the accident plaintiff instituted a prior action for damages for the injuries suffered, naming as defendants, among others, Wilson Lee and the Great Western Packing Company, defendant herein. In that action it was alleged that Lee, also on defendant's premises to purchase meat, had negligently pushed the meat over the trolley causing it to strike plaintiff. Liability was there sought to be fastened on defendant under allegations charging that it had negligently permitted Lee to come upon its premises and take possession of a large parcel of meat and to so use the trolley as to injure plaintiff. On July 24, 1940, judgment was entered for the defendants. No appeal was taken from the judgment entered in the prior action and it is now final.

On November 28, 1940, four months after entry of such judgment, plaintiff commenced the present action against defendant alone to recover damages in the same amount and for the same injuries. In this second action, plaintiff sought to recover under allegations that defendant itself had negligently operated the trolley so as to cause the meat to contact him to his injury. Defendant specially pleaded the prior judgment as a bar to the prosecution of this action. Pursuant to the provisions of section 597 of the Code of Civil Procedure, this issue was first tried and the trial court found in accordance with the allegations of the special defense and entered judgment for the defendant.

Plaintiff stipulated before the trial court that the accident referred to in this and in the prior action "are one and the same accident," that the judgment in the prior action was a judgment on the merits before a court having jurisdiction thereof and that the prior judgment had become final.

■ The doctrine of res judicata rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent. Public policy and the interest of litigants alike require that there be an end to litigation. In applying the doctrine the cases recognize a distinction between the effect of a judgment

operating by way of *estoppel* in a later action upon a *different* cause of action and one operating by way of *bar* against a second action upon the *same* cause of action. (*Sutphin* v. *Speik,* 15 Cal.2d 195, 201 [99 P.2d 652, 101 A.L.R. 497]; *Todhunter* v. *Smith,* 219 Cal. 690, 695 [28 P.2d 916]; *Horton* v. *Goodenough,* 184 Cal. 451, 461 [194 P. 34]; and authorities collected in 15 Cal.Jur. 136, sec. 189; 30 Am.Jur. 912, sec. 167; 2 Freeman on Judgments, p. 1425, sec. 676.) This distinction entails important consequences in the determination of what matters were adjudicated by the former judgment, and the failure to observe it has been the occasion of confusion and error. As stated in 2 Freeman on Judgments, *supra,* "A prior judgment can operate as a complete bar to a second action only on the theory that it is a conclusive adjudication . . . as to every matter that might be urged in support of the latter. . . . Under such circumstances, in view of the rule and policy of the law which forbids a party to split his claim, the judgment is deemed to adjudicate, for purposes of the second action, not only every matter which was, but also every matter which might have been urged in support of the cause of action or claim in litigation. Where the cause of action in the second action is the same as that in the first action, a final judgment in the latter upon the merits is a complete bar to the maintenance of the second action." To the same effect see Restatement of the Law of Judgments, section 63, comment a.

 In an effort to avoid application of this settled doctrine to the facts of this case, plaintiff contends that the present litigation is based upon a cause of action separate and distinct from that underlying the prior litigation because the negligence charged to defendant in this action differs from the negligence charged against it in the prior action. In so contending, plaintiff misconceives the nature of his cause of action. The cause of action is simply the obligation sought to be enforced. (*Frost* v. *Witter,* 132 Cal. 421, 426 [64 P. 705, 84 Am.St.Rep. 53]; *Hellman* v. *Los Angeles Ry. Corp.,* 135 Cal.App. 627, 632 [27 P.2d 946, 28 P.2d 384].)

 The negligence of defendant alleged in the prior action and that alleged against it in this action represent but different invasions of plaintiff's primary right and different breaches of the same duty that it owed to him. There was one injury and one cause of action. A single tort can be the foundation for but one claim for damages. (*Beronio* v.

*Southern Pac. Co.*, 86 Cal. 415, 421 [24 P. 1093, 21 Am.St. Rep. 57]; *Triano* v. *F. E. Booth & Co.*, 120 Cal.App. 345, 347 [8 P.2d 174]; *Hellman* v. *Los Angeles Ry. Corp., supra; Miller* v. *Spokane Int. Ry. Co.*, 293 F. 748, 750; *Hennessy* v. *Chicago B. & Q. Ry. Co.*, 24 Wyo. 305 [157 P. 698, 700]; *Moore* v. *Chattanooga Elec. Ry. Co.*, 119 Tenn. 710 [109 S.W. 497, 501, 16 L.R.A. N.S. 978]; *Ogden* v. *Chicago R. I. & P. Ry.*, 131 Mo.App. 331 [111 S.W. 516, 517], 2 Freeman, *supra*, secs. 610, 682.)

In the Triano case, *supra*, the plaintiff in a second action urged, as here, that one theory or ground of defendant's negligence had not been litigated in a prior action. It was held that when plaintiff "elected to try his case on one theory of liability, he was barred from again trying it upon another ground. To tolerate the practice contended for would prolong litigation indefinitely." (See, also, *Quirk* v. *Rooney*, 130 Cal. 505 [62 P. 825].)

The subject is adequately summarized in the Restatement, *supra*, as follows:

"Where an action is brought to recover damages for injury to the person or property of the plaintiff caused by the defendant, and the plaintiff in his complaint alleges certain negligent acts of the defendant, and at the trial he is unable to prove these negligent acts and a verdict and judgment are given for the defendant, the plaintiff is precluded from maintaining a subsequent action based upon the same injury, although in that action he alleges other acts of negligence. There is in such a case a single cause of action, based upon the primary right of the plaintiff to be free from injury to his person or property and a violation by the defendant of that right through his failure to use proper care. The plaintiff is not permitted to maintain successive actions for the same injury by alleging different acts of negligence on the part of the defendant. It is immaterial that in a subsequent action he alleges acts of negligence which he was not permitted to prove in the prior action because they were not alleged in his complaint in that action." (See, also, *Van Horne* v. *Treadwell*, 164 Cal. 620, 622 [130 P. 5]; *Estate of Bell*, 153 Cal. 331, 340 [95 P. 372]; *Sullivan* v. *Triunfo G. & S. Min. Co.*, 39 Cal. 459, 465; 2 Freeman, *supra*, 1178, secs. 553, 554.)

The trial court therefore correctly concluded that the judg-

ment in the prior action is a bar to the prosecution of this action against the same defendant for the same injuries. The authorities also establish that plaintiff cannot escape such bar by urging that during prosecution of the prior action he was unaware of the ground of negligence relied on here. (*Quirk* v. *Rooney, supra,* 510; *Price* v. *Sixth Dist. Agr. Assn.,* 201 Cal. 502, 512 [258 P. 387]; Restatement, *supra;* 2 Freeman, *supra,* 553.) Nor may he avoid the bar of the prior judgment by urging that he was there prevented from proving the ground of negligence because not within the allegations of his former complaint. Where the court prevents the litigation of matters which inhere in the cause of action, on the ground that they are not pleaded, plaintiff's remedy is either to seek to amend or to have the ruling, if erroneous, corrected by appropriate proceedings for review. ■ An erroneous judgment is as conclusive as a correct one. (*Lamb* v. *Wahlenmaier,* 144 Cal. 91, 95 [77 P. 765, 103 Am.St.Rep. 66]; *Reed* v. *Cross,* 116 Cal. 473, 486 [48 P. 491]; *Little* v. *Smith,* 47 Cal.App. 8 [189 P. 1059]; 2 Freeman, *supra,* 1489, sec. 705 and authorities there collected.) Such a situation is distinguishable from that presented in the cases relied on by plaintiff where in the prior action certain issues either were withdrawn or reserved for future litigation. (*Little* v. *Smith, supra,* 11.)

The judgment is affirmed.

Shenk, J., Curtis, J., Edmonds, J., Carter, J., Traynor, J., and Peters, J. pro tem., concurred.