[L. A. No. 18895. In Bank. Sept. 15, 1944.]

EDITH S. WULFJEN, Appellant, v. O. L. DOLTON, JR., et al., Respondents.

Thomas F. McCue and Mildred L. Zingals for Appellant.

Daily & Gallaudet and Paul Angelillo for Respondents.

CURTIS, J.—The propriety of the trial court's conclusion that the maintenance of a prior action was ground for abatement of this action governs the disposition of this appeal.

On February 15, 1940, plaintiff herein filed an action in the Superior Court of Los Angeles County (the *prior action*) against O. L. Dolton, Jr., Lindley W. Potts, Helen King and Concrete Homes Corporation, a corporation. By her amended complaint therein plaintiff alleged that the individual defendants were the organizers and promoters of the defendant corporation and that such defendants at all times mentioned "held the majority and absolute control of said corporation." It is next alleged that the corporate defendant was at all times the alter ego of the individual defendants Dolton and Potts. The amended complaint then recited that plaintiff having been induced, through the fraud and misrepresentations of the named individual defendants, to part with and having parted with substantial sums of money to the defendant corporation, which she later learned to be insolvent, "plaintiff has elected to and has rescinded said agreement and each and every transaction relating thereto." The quoted language related to a "Notice of Rescission" addressed to Dolton, Potts and the corporation. Prior to the institution of suit this notice was served on all the defendants therein sued and following the chronological enumeration of the various sums of money advanced by plaintiff under the respective identifying circumstances, it was recited in said notice that "the consent of this rescinding party was obtained and given through fraud, misrepresentation and undue influence exercised by you and each of you in connection with each of the above transactions." The amended complaint contained five causes of action, the first four being each divided into two counts—one for fraud and rescission, the other for money had and received—and the fifth setting forth a claim for work, labor and services performed by one Rathbun (who was not a party to that action but who is a party to the present action), which claim was assigned to plaintiff prior to the filing of suit.

During the trial of said prior action a nonsuit was granted

as to defendant Helen King on all five causes of action and upon each count thereof, and as to defendants Dolton and Potts on the first cause of action only. The trial then proceeded on the remaining causes of action as to defendants Dolton and Potts, and at the conclusion of said hearing the court found that the rescission was effective against the corporation because it consented thereto by defaulting; that the corporation was not the alter ego of the individual defendants or any of them; and that all money advanced by plaintiff went to the corporation. On November 14, 1940, judgment was entered in favor of plaintiff and against the defendant corporation only in the sum of $6,950 on the second, third and fourth causes of action; and for the defendant corporation on the first and fifth causes of action; and in favor of defendants Dolton and Potts on the second, third, fourth and fifth causes of action. From the adverse portions of the judgment so rendered plaintiff appealed, and such appeal was pending at the time plaintiff instituted the present action, and is still pending. No appeal was taken from the judgment against the defendant corporation and it has become final.

On March 19, 1941, plaintiff commenced the *present action*. The complaint charges that the defendants Dolton, Potts and King (the same persons involved as individual defendants in the trial of the *prior action*) formed and entered into a conspiracy with one William Rathbun (not made a party litigant in the prior action) "for the purpose of committing and perpetrating a series of frauds upon plaintiff." It is then recited that following the formation of the alleged conspiracy, defendant Rathbun "known to said defendants, and all of them, to hold himself out as a trusted friend and business advisor of plaintiff, acting for himself and in accordance with the plan and design of all of the defendants" made representations of certain material and inducing facts, which statements were false and fraudulent and known by the defendants, and each of them, to be false and fraudulent at the time they were made; that the plaintiff believed and relied upon the statements, and paid over to the defendants certain sums of money. These various amounts and the particular circumstances of the respective advancements are identical, though somewhat more fully described, with the chronological series of transactions had with plaintiff "through the

agency of William N. Rathbun" as enumerated in the "Notice of Rescission," which constituted the subject of the *prior action*.

Defendants Dolton and Potts answered with a general denial, invoked three special defenses—(1) the pendency of the former action; (2) the filing of the former action as an election of remedies; and (3) estoppel—and pleaded as an exhibit the "Notice of Rescission" served upon them preliminary to the filing of the *prior action*. Defendant Helen King filed an answer similar to that of her codefendants and also pleaded the same special defenses and exhibit. Defendant Rathbun answered by way of a general denial, and while he obtained a stipulation that his amended answer might be deemed to be before the trial court, apparently no such pleading was filed, but it can be assumed from the statements of counsel made at the time the case was called for trial that defendant Rathbun intended by such amended answer to set up the same special defenses as were advanced by his codefendants.

When the present action was called for trial the court proceeded at the outset to hear the special defenses interposed. (Code Civ. Proc., § 597.) The court thereupon found that the "allegations contained in the complaint of said [prior] action . . . are substantially identical with those in the [present] action and the cause of action stated in said prior action arose out of the same facts and transactions, and was based on the same subject matter as those in the present action"; that in pursuance of the prior action based on rescission of all the contracts, agreements or transactions had between plaintiff and defendants, plaintiff recovered a judgment against the defendant corporation therein; and that by reason of said rescission and said judgment, plaintiff had elected a remedy inconsistent with the remedy sought here and was estopped from maintaining this action. From the judgment entered accordingly in favor of all the defendants, plaintiff prosecutes this appeal.

■ It is clearly established that a party may not split up a single cause of action and make it the basis of separate suits, and in such case the first action may be pleaded in abatement of any subsequent suit on the same claim. (1 C.J.S. § 102, p. 1306; *Quirk* v. *Rooney*, 130 Cal. 505 [62 P. 825]; *Bingham* v. *Kearney*, 136 Cal. 175 [68 P. 597]; *Paladini* v. *Municipal Markets Co.*, 185 Cal. 672 [200 P. 415].) ■ The

rule against splitting a cause of action is based upon two reasons: (1) That the defendant should be protected against vexatious litigation; and (2) that it is against public policy to permit litigants to consume the time of the courts by relitigating matters already judicially determined, or by asserting claims which properly should have been settled in some prior action. Thus, it is said in *Bingham* v. *Kearney, supra,* at page 177: "It is not the policy of the law to allow a new and different suit between the same parties, concerning the same subject-matter, that has already been litigated; neither will the law allow the parties to trifle with the courts by piecemeal litigation."

The present case falls within the scope of the above principle of law. As to plaintiff and defendants Dolton, Potts and King the *prior action* was identical insofar as the parties thereto were concerned, and the same series of alleged fraudulent acts and misrepresentations on the part of said defendants urged in the rescission action forms the basis of plaintiff's claim for damages here. The cause of action against said defendants is simply their alleged perpetration of fraud to plaintiff's injury—her advancement of various sums of money without consideration therefor. Whatever her ground of recovery might be for this single wrong, she was bound to frame her complaint in the *prior action* so as to avail herself of whatever relief the controlling set of facts would warrant and so meet any possible developments in the presentation of the evidence. The aforementioned "Notice of Rescission" served upon said defendants preliminary to commencement of the prior action demonstrates conclusively that plaintiff was aware that her sole right of recovery against said individuals rested on their alleged fraudulent statements inducing her to enter into dealings with the corporation therein mentioned. That in the *prior action* for rescission against the corporation and said individual defendants plaintiff was unable to establish her ex contractu claim against the latter on the ground of alter ego liability does not authorize her to adopt some new theory, ex delicto, in another action for trial of the same subject matter against them; such practice would prolong litigation indefinitely. (*Panos* v. *Great Western Packing Co.*, 21 Cal.2d 636, 639 [134 P.2d 242].) The violation of *one primary right* constitutes a single cause of action, though it may entitle the injured party to many forms

of relief, and the relief is not to be confounded with the cause of action, one not being determinative of the other. (Pomeroy, Code Remedies, 5th ed., § 351, p. 536.) Claiming to have been defrauded in her transactions with the corporation through the misrepresentations of said individual defendants, plaintiff unquestionably, in addition to praying for relief upon the basis of rescission, might have sought in alternate counts in her complaint in the *prior action* damages against said defendants in case the fraud were found but under such circumstances that the right of rescission as to them did not exist. (*Bancroft* v. *Woodward,* 183 Cal. 99, 102 [190 P. 445]; *Hjorth* v. *Bernstein,* 44 Cal.App.2d 561, 565 [112 P. 2d 643].) The latter contingency did in fact materialize in the *prior action* according to the finding negativing the alter ego relationship between the corporation and said individual defendants so that there was no contract to rescind as to the latter, but, of course, the finality of such decision depends on the outcome of plaintiff's pending appeal from the adverse portions of the judgment therein entered as above recited. However, plaintiff has had her day in court against said individual defendants and the opportunity to present then fully and fairly her case so as to have a complete adjudication of the controversy between them in a single action. That her final judgment against the insolvent corporation may prove fruitless does not alter the situation as to the right of said individual defendants in the *prior action* to be protected from harassment by successive suits on the same basic cause of action. The theory of relief urged in the *present action* against said defendants was open to plaintiff within the legitimate scope of her pleading in the *prior action*. If plaintiff, through negligence in not properly presenting her claim in the first instance, has lost her right to recover money which she allegedly advanced in reliance upon fraudulent representations of said individual defendants, it is a hardship but one from which the courts cannot relieve if the general and well-established rule against the splitting of a single cause of action is to be followed for the benefit of all. To adopt any other view of this case would open a ''Pandora's box'' of evils that would upset all legal principles for avoiding multiple litigation in settlement of but one fundamental claim for appropriate redress. (*Quirk* v. *Rooney, supra.*)

Accordingly, it follows that the trial court properly concluded herein to sustain the plea in abatement urged by the defendants Dolton, Potts and King in view of plaintiff's maintenance of the *prior action*. However, as defendant Rathbun in the *present action* was not a party to the *prior action*, he, of course, could not have been affected by it and its prosecution would not be ground for abatement of the *present action* as to him.

The judgment for defendants Dolton, Potts and King is affirmed; the judgment for defendant Rathbun is reversed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.