[Civ. No. 4096.  Fourth Dist.  Apr. 19, 1951.]

P. R. McCAFFREY, Appellant, v. HARRY R. WILEY, Respondent.

Schmidt & Catalano for Appellant.

Musick, Burrell & Ingebretsen, Kendall & Howell and Mack & Bianco for Respondent.

BARNARD, P. J.—This is an action for damages for the withholding of possession of 120 acres of land for the period from October 1, 1946, to October 14, 1947.

On July 25, 1945, J. B. Cutten, the owner of the land, leased it to the plaintiff for a period of three years commencing on October 1, 1946. On April 11, 1946, Cutten, having overlooked the prior lease, executed an agreement giving the defendant the right to farm the same property for a period of five and one-half years. The defendant took possession on April 11, 1946, in good faith, and remained in possession until October 14, 1947.

On October 24, 1946, the plaintiff commenced an action in ejectment against Wiley to recover possession of the land. The only issue raised in that action was that of the right of possession, and no claim was asserted therein for rents or mesne profits. That action was tried on April 25, 1947, and a judgment for the plaintiff was entered October 14, 1947. No appeal was taken and that judgment became final. The defendant had planted barley on the land in October, 1946, but after October 24, and that crop was harvested about the first of June, 1947.

On March 19, 1948, the plaintiff brought this action to recover damages for the wrongful withholding of possession for the year preceding the entry of the prior judgment. The defendant filed a cross-complaint against the owner of the land, seeking to recover from Cutten any amount he might be required to pay in the event the plaintiff was given a judgment.

The court found that the mesne profits from the land here in question amounted to $1,312.77, and that Cutten was liable to Wiley for any loss suffered by him. However, the court found that Wiley had not suffered this loss of $1,312.77 since the plaintiff was not entitled to recover that amount from Wiley. In this connection, the court found that the plaintiff had had a single indivisible cause of action against Wiley for the right of possession and for damages for any withholding

of possession; that the plaintiff had waived his right to recover damages for wrongfully withholding possession; that the bringing of the present action is an attempt to split a single indivisible cause of action which the plaintiff had prior to his commencing the prior action; and that the plaintiff is not entitled to recover anything from the defendant in this action by way of damages, mesne profits, rentals or otherwise, having exhausted his remedy in the prior action. Judgment was entered that the plaintiff take nothing. While the judgment awarded Wiley certain amounts as against Cutten for his expenses in defending the suits, nothing was awarded him on his contingent claim since the plaintiff recovered nothing against him. The plaintiff has appealed from the judgment.

The appellant contends that section 427(2) of the Code of Civil Procedure permits the joinder of an action for ejectment and an action for damages for withholding possession but does not require such joinder, and that certain decisions in this state have established the rule that a judgment in an ejectment action is not a bar to a subsequent action for damages for withholding or for rents and profits.

Section 427 does not require the joinder of two causes of action which are entirely separate and distinct (*Lynch* v. *Kemp*, 4 Cal.2d 440 [49 P.2d 817]; *Palpar, Inc.* v. *Thayer*, 83 Cal.App2d 809 [189 P.2d 752].). A different rule may apply where two purported causes of action are in fact both based on the same invasion of the same right. It is well settled in this state that a party may not split a single cause of action, using the same obligation as the basis of separate suits, and that where this is done the judgment in the first action may be pleaded as a bar to a subsequent suit based on the same fundamental claim which could have been presented in the first action. (*Wulfjen* v. *Dolton*, 24 Cal. 2d 891 [151 P.2d 846]; *Panos* v. *Great Western Packing Co.*, 21 Cal.2d 636 [134 P.2d 242]; *Slater* v. *Shell Oil Co.*, 58 Cal. App.2d 864 [137 P.2d 713].) The reasons therefore are clearly set forth in *Wulfjen* v. *Dolton*. In that case the court said: "The violation of *one primary right* constitutes a single cause of action though it may entitle the injured party to many forms of relief, and the relief is not to be confounded with the cause of action, one not being determinative of the other."

Section 740 of the Code of Civil Procedure provides that in an action for the recovery of property the plaintiff may also recover any damages he has suffered for withholding

the property.  A specific right is given to sue for both elements in the same action.  ▉▉  The matter of ejectment and the matter of damages for withholding possession are both based upon the same invasion of the same right (*Slater* v. *Shell Oil Co.*, 58 Cal.App.2d 864 [137 P.2d 713]).  In that case, where the plaintiff sued for ejectment but in a prior action had sued for damages, the court said:

"Some confusion is caused in the discussion of counsel by the failure to recognize the distinction between the 'cause of action' and the 'form of action'.  In the application of the doctrines of res judicata, estoppel by judgment, and merger of judgments it is immaterial what form the proceedings take so long as they arise out of the same act or right.  In the case here the right of the appellant which she asserts in both actions is the right to be free from the alleged trespass upon her land, and the occupation by the defendant.  To assert this right she could sue for the trespass and recover damages, or in ejectment and have a judgment of ouster and damages, or for an injunction to restrain the continued occupation."

The same principle was applied in *Van Horne* v. *Treadwell*, 164 Cal. 620 [130 P. 5], although that action was one to recover the possession of pledged stock instead of real estate. In that case, the court said:

"The judgment there rendered was a conclusive adjudication of all matters, arising out of the withholding of the stock, which might have been presented to the court for determination.  Whether we regard the first action as one in claim and delivery, or as a suit in equity for specific performance of the agreement to return pledged property on payment of the debt (in other words, a bill to redeem) there can be no question that in that action plaintiff was entitled to recover all damages sustained through the wrongful refusal of the defendants to redeliver the property.  There was a total breach of a single and entire obligation, and the plaintiff could not split his demand for relief on account of such breach, so as to entitle him to recover a part of such relief in one action, and the remainder in another.  The rule thus stated is applicable, even if we assume, contrary to what we consider the fair construction of the pleading, that the complaint shows that the elements of damage now sought to be recovered were not known or ascertainable at the date of the former judgment."

▉▉  In the instant case, the one primary right involved was the right of the appellant to possession of the land and there was but one violation of that duty on the part of the

respondent. Both actions were based on the same invasion of the same right, and under the well established rules with respect to the splitting of actions which prevails in this state the appellant should have presented his claim for damages in the prior action, and by failing to do so he must be held to have waived it.

The appellant cites the following cases in support of his contention that a judgment in an ejectment action does not bar a subsequent action for damages for withholding the property : *Nathan* v. *Dierssen,* 164 Cal. 607 [130 P. 12] ; *Johnston* v. *Fish,* 105 Cal. 420 [38 P. 979, 45 Am.St.Rep. 53] ; *Coburn* v. *Goodall,* 72 Cal. 498 [14 P. 190, 1 Am.St.Rep. 75] ; *Avery* v. *Superior Court,* 57 Cal. 247 ; *Haggin* v. *Clark,* 51 Cal. 112 ; *Yount* v. *Howell,* 14 Cal. 465 ; *Slater* v. *Shell Oil Co.,* 58 Cal.App.2d 864 [137 P.2d 713] ; *Clutter* v. *Superior Court,* 140 Cal.App. 135 [35 P.2d 152]. We find nothing in any of those decisions which is controlling here. In *Johnston* v. *Fish,* 105 Cal. 420 [38 P. 979, 45 Am.St.Rep. 53], it was held that a plaintiff in ejectment is entitled to recover from the defendant only the value of the use and occupation of the premises, and is not entitled to the fruits of the land. Incidentally, the court remarked that the law gives to the plaintiff in ejectment the right to recover ''either in the same action or in another, the value of the use and occupation of the land, which is termed 'damages', for the withholding thereof''; but went on to state that neither before nor after a determination as to the title of the land could the plaintiff recover the fruits of the land from one who had purchased them from an occupant who was in adverse possession. As to other expressions in these cases, relied on by the appellant, some are dicta, and some are remarks in connection with the history of ejectment actions. In none of these cases was the question of splitting of actions raised or involved. It has been held that the defense of splitting a cause of action is for the benefit of the defendant and may be waived by him. (*Cohn* v. *Cohn,* 7 Cal.2d 1 [59 P.2d 969] ; *Commercial Standard Ins. Co.* v. *Winfield,* 24 Cal.App. 2d 477 [75 P.2d 525].) It has also been held that the prohibition against the splitting of an action does not apply where the particular issue was specifically withdrawn or reserved for future litigation in the prior action. (*Coburn* v. *Goodall,* 72 Cal. 498 [14 P. 190, 1 Am.St.Rep. 75] ; *Panos* v. *Great Western Packing Co.,* 21 Cal.2d 636 [134 P.2d 242].)

At the oral argument counsel for appellant made the further contention that the matter of damages could not

have been presented in the prior action since it was not then known whether or not a crop would be raised on the land or, if so, how much of a crop would be produced. In *Panos* v. *Great Western Packing Co.*, it is said: "The authorities also establish that plaintiff cannot escape such bar by urging that during prosecution of the prior action he was unaware of the ground of negligence relied on here." A similar expression is contained in the opinion in *Van Horne* v. *Treadwell*, as above quoted. The appellant had a right to ask for damages in the prior action, he knew that some damage would naturally follow the withholding of possession; and he had actual knowledge that a crop was being grown on the premises long before that action was tried. Even if he considered the matter unimportant when he brought the action, he could without doubt have amended in that respect. It appears from the evidence that the appellant knew before the prior action was filed that the respondent intended to put in a crop on this land and to bring in water, which was not otherwise available, for that purpose. The appellant testified that he found out in October, 1946, that the respondent had already planted the land to barley, that he saw the crop several times thereafter, and that he walked over the land and observed that this was a good crop. The crop was almost ready for harvest when the prior action was tried, and long before that time the appellant was fully aware of the circumstances upon which his claim for damages rests.

The question of damages for withholding the possession of land from another is closely and intimately connected with the question as to the right of possession of the land, and both rest upon the same invasion or violation of the same right. Logically, both claims should come under the well-established principles and rules prohibiting the splitting of what is, in essence and practical effect, a single cause of action. We find nothing in the authorities cited which requires a holding to the contary.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.