[Civ. No. 22233.   Second Dist., Div. Three.   Dec. 31, 1957.]

LAWRENCE STRICKLAND et al., Appellants, v. CALAN-CORPORATION, LTD. (a Corporation) et al., Defendants; BARTON J. A. WANDER, Respondent.

*Assigned by Chairman of Judicial Council.

Edward H. Blixt for Appellants.

Henry A. Fox for Respondent.

WOOD (Parker), J.—Appeal by plaintiffs from a summary judgment for defendant Wander in an action for declaratory relief, to quiet title to real property, and for a mandatory injunction. The defendants named in the action were Calancorporation, Ltd., W. J. Haryett, Barton J. A. Wander, San Joaquin Savings and Loan Association and San Joaquin Building and Loan Association. The record does not show that any defendant other than Wander appeared in the action. The second amended complaint will be referred to as the complaint.

The allegations of the first cause of action are, in part, as follows: About July 31, 1951, plaintiff Lawrence Strickland herein, his wife Ruth, and Luther Strickland and Amos Bunting, made a promissory note for $3,250 payable to San Joaquin Building and Loan Association, and as security for the note they executed a trust deed wherein defendant Calancorporation, Ltd., was named trustee. A default occurred under the note and trust deed, and the San Joaquin Savings and Loan Association requested the trustee to record a notice of default. Thereafter, on November 23, 30 and December 7, 1955, the trustee published a notice of trustee's sale to be held on December 20, 1955, at 10:30 a. m., at the east entrance of the Hall of Justice in Los Angeles, and stated therein that the property would be sold for cash to the highest bidder. At all times mentioned in the complaint, plaintiff Parr was the

agent of plaintiff Strickland and was acting within the scope of his authority. On December 20, 1955, (at the time and place stated in the notice) defendant Haryett, who purported to be an employee of the trustee, purportedly conducted a trustee's sale of the property. At said sale plaintiff Strickland appeared as a bidder through his agent Parr. Plaintiff Parr bid $3,000 for the property and showed defendant Haryett "said cash." Defendant Wander and others bid on the property. Wander made the final bid which was $5,200. On many occasions during said bidding, plaintiff Parr, his attorney, and Haryett requested Wander and the other bidders to display cash to support their bids. Wander and the other bidders refused to display any cash. After the final bid by Wander, Parr and his attorney requested Wander to display his cash. Wander refused to display his cash "to both the plaintiff and his attorney." "Plaintiff" alleges upon information and belief that Wander did not have the cash and did not give the trustee cash. Wander "had and gave the said trustee only $100.00 cash, a $2,500.00 check, and secured his trust deed and promissory note for $2600.00." "Plaintiff" alleges upon information and belief that the trustee has issued a trustee's deed to Wander, and that Wander has recorded said deed as a cloud on "plaintiff's" title to the property. At all times mentioned in the complaint plaintiff Strickland was the owner of the property.

Further allegations of the first cause of action are: An actual controversy exists between the plaintiffs and defendants as to the interest "created" by the trustee's sale and deed. Plaintiffs contend that the trustee did not comply with the statutes "requiring notice"; that Haryett had no authority to conduct the sale; and that plaintiffs were the successful bidders at the sale which was advertised for cash, and plaintiffs were the only persons who had and displayed cash for the purchase price of the property. Defendants contend that all the code sections governing the sale were complied with and that Haryett had authority to conduct the sale; that the defendants did not have to display cash, or buy the property for cash, but could use checks; and that their checks and trust deed are comparable to cash.

Further allegations of the first cause of action are: The property was purportedly sold for $5,200. There is a second trust deed for $5,000 against the property, and the obligation thereunder "was presently due" and unsatisfied. On December 20, 1954, the unpaid balance on the first trust deed (the one under which the sale was held) was $2,600.

The second cause of action incorporated, by reference, all the allegations of the first cause of action, and alleged further: At all times mentioned in the complaint plaintiff Strickland was the owner of the property. The trustee has issued its grant deed purportedly conveying said property to Wander. Wander has recorded the deed in the Los Angeles County Recorder's office. The deed creates a cloud on plaintiffs' title to the property. Wander has no title to or interest in the property.

A further cause of action incorporated, by reference, all the allegations of the first and second causes of action, and alleged further: At all times mentioned in the complaint, plaintiff Strickland "is the owner" of the property and "was" in actual possession thereof. Wander has served plaintiff Strickland with a three-day notice to vacate said property "claiming that the said defendant was the owner of the property." Wander does not own the property. The property is owned by plaintiff Strickland. It is necessary for the court to determine who is entitled to possession of the property; that is, whether plaintiff Strickland or defendant Wander is entitled to the possession.

The prayer is for a judgment: (1) declaring that the trustee's sale and deed are void, and that plaintiffs Strickland and Parr, "principal and agent, were the legal and successive parties to said property"; (2) declaring that plaintiff Strickland is the owner of the property; (3) declaring whether plaintiff Strickland or defendant Wander has the right to possession; and (4) ordering the trustee to issue its deed to plaintiff Strickland "claiming" title to the property to him for $3,000 cash or for such other sum as the court deems proper.

Defendant Wander filed a verified answer in which he denied the allegations that plaintiff Strickland is the owner of the property and that the trustee's sale was a "purported" sale. He alleged, as follows: There was a trustee's sale of the property. The property was sold for $5,200. He (Wander) paid said sum. He "gave" the trustee the sum of $100 cash, a cashier's check for $2,500, and the note "securing" the first trust deed on the property, the unpaid balance on the note "being" $2,600. At all times mentioned (in his answer) he was, and he now is, the owner of a second trust deed against the property, which trust deed is in the sum of $5,500. He is the owner of the property. A three-day notice to vacate the property was served on Strickland, and Strickland vacated the property.

As an affirmative defense, Wander alleged that about January 21, 1956, he filed an action in the Municipal Court of the Los Angeles Judicial District for unlawful detainer of the property. The parties to the present action are the same as the parties in the municipal court action. Strickland set up as a defense in his answer in the municipal court action that the trustee's sale was improperly conducted. The court in that action found that the trustee's sale on December 20, 1955, was regularly conducted and valid "and in connection therewith the Court entered its judgment and order finding Lawrence Strickland guilty of unlawful detainer of the premises described in the complaint on file herein and ordered execution issued thereon. . . . By reason of the premises all matters in connection with the possession, regularity of foreclosure proceedings and title to the real property herein have been fully adjudicated and determined.'' The judgment rendered in the municipal court action remains in full force and effect and no appeal was taken therefrom.

Subsequent to filing his answer, Wander made a motion for judgment on the pleadings and a motion for summary judgment. In support of his motion for a summary judgment, he filed an affidavit of Henry A. Fox, his attorney. That affidavit set forth substantially the same statements as are alleged in the affirmative defense (regarding the municipal court action). Certified copies of the findings, conclusions of law, and judgment in the municipal court action were attached to the affidavit. Those documents show that Wander was the plaintiff, and Strickland and one Brown were the defendants in the municipal court action; and that the action was tried on February 17, 1956. The findings in that action were, in part, as follows: On December 20, 1955, Wander purchased the property at a trustee's sale conducted by Calancorporation, Ltd., trustee under a power of sale contained in a trust deed executed by Lawrence Strickland, Ruth Strickland, Luther G. Strickland and Amos Bunting in favor of San Joaquin Building and Loan Association. About December 22, 1955, the trustee "executed a trustee's deed to plaintiff [Wander].'' On December 28, 1955, the trustee's deed was recorded in the office of the county recorder of Los Angeles County. Since December 22, 1955, the plaintiff (Wander) was and now is the owner of the property. The trustee "complied with all of the provisions of section 2924 of the Code of Civil Procedure and said real property was sold to plaintiff [Wander] who was the highest bidder at said sale, and that said sale was regularly conducted by said trustee.'' (It is apparent that the reference

in that finding to section 2924 of the Code of Civil Procedure was intended to be a reference to section 2924 of the Civil Code, which contains provisions regarding notice of sale under a trust deed.)

In opposition to the motion for a summary judgment, plaintiff Strickland filed his affidavit in which he stated: Parr and the attorney for Strickland were the only bidders at the trustee's sale with sufficient cash to bid on the property. Parr bid various amounts from $3,000 to $5,000. Wander had no cash other than $100. Wander "purchased said property with his assigned trust deed and checks, plus $100.00 cash. That he purchased said property for the sum of $5200.00." The present action was filed before the municipal court action was filed. The "facts" regarding the bidding at the sale, the financial status of the bidders, and the form of the consideration paid by Wander, were not brought out or admitted at the trial in the municipal court. The value of the real property involved in the action is $8,000.

Strickland filed a supplemental affidavit in opposition to the motion for a summary judgment in which affidavit he stated that Wander's motion is based solely on the "issue of res judicata"; the parties and issues in the superior court action (the action involved here) are not the same as the parties and issue in the municipal court action; Parr appeared at the (trustee's) sale and "bid and displayed his own money"; there was an arrangement between plaintiffs Parr and Strickland that if Parr bought the property title would be placed in the name of Parr, and Strickland would have an opportunity to buy the property from Parr at a "substantial" higher price; the judgment in the municipal court did not determine the issue of title.

The motion of Wander for a summary judgment was granted and judgment was entered thereon. As above stated, plaintiffs appeal from the judgment.

Appellants state in effect that "it would appear" that the court granted the motion for a summary judgment on the ground that "the Court believed the Municipal Court judgment was *res judicata.*" They contend that the "judgment" in the municipal court is not res judicata in the present action.

It appears from the affidavit of Mr. Fox, in support of Wander's motion for a summary judgment, that the motion was based upon the ground that the issues in the municipal court action are res judicata in the present action. Wander also contends on this appeal that such issues are res judicata.

494

Appellants' argument is to the effect that the issues presented and determined in the municipal court action were not the same as the issues in the present action; and that the parties are not the same.

■ "In determining the validity of a plea of res judicata three questions are pertinent: Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?" (*Bernhard* v. *Bank of America,* 19 Cal.2d 807, 813 [122 P.2d 892].)

■ The issues in the municipal court action and in the present action were the same. In the unlawful detainer action in the municipal court Wander, as plaintiff therein, was required to prove that the property was duly sold to him at the trustee's sale and that his title had been perfected. (See *Seidell* v. *Anglo-California Trust Co.,* 55 Cal.App.2d 913, 920 [132 P.2d 12] ; *Bliss* v. *Security-First Nat. Bank,* 81 Cal. App.2d 50, 58 [183 P.2d 312].) In the present action, plaintiffs Strickland and Parr sought a declaration regarding the validity of the trustee's sale, the trustee's deed, and regarding ownership and right of possession of the property.

The judgment in the municipal court action was final when the motion for summary judgment was made. The municipal court judgment was entered March 21, 1956. The notice of motion for summary judgment in the present action was filed June 27, 1956. Mr. Fox, in his affidavit in support of the motion, stated that the "judgment rendered in the said Municipal Court action remains in full force and effect and unappealed from." Strickland did not contradict that statement in his original affidavit or his supplemental affidavit in opposition to the motion. Parr did not file an affidavit.

Defendant Wander in the present action was the plaintiff in the municipal court action. Plaintiff Strickland in the present action was a defendant in the municipal court action. Plaintiff Parr in the present action was not a party in the municipal court action, but the complaint in the present action (wherein Parr is a plaintiff) alleges that Parr was Strickland's agent at the trustee's sale; and at all times mentioned in the complaint Strickland was the owner of the property. In Strickland's affidavit in opposition to the motion for summary judgment he stated that Parr appeared at the sale and "bid and displayed his own money"; and that there was an arrangement between plaintiffs Parr and Strickland, that if Parr bought the property, title would be placed in the name of Parr,

and Strickland would have an opportunity to buy the property from Parr at a "substantial" higher price. It does not appear, however, that plaintiffs requested permission to amend the complaint, or that the complaint was amended, to allege that Parr was acting other than as an agent of Strickland, or to allege that Parr was an owner of the property. Furthermore, the prayer of the complaint, in effect, is for a judgment declaring Strickland is the owner and entitled to possession of the property and ordering the trustee to issue its deed to Strickland. As above stated Parr did not file an affidavit in opposition to the motion for summary judgment. It appears therefore that Strickland, who was a defendant in the municipal court action, was the real party in interest as plaintiff in the present action.

Appellants argue further to the effect (1) that "in order to be *res judicata* the *judgment* must decide the issues that are being prayed for in the subsequent action," and the judgment in the municipal court action did not quiet Wander's title to the property; and (2) that although the findings and the conclusions of law in the municipal court action state that the defendants complied with the provisions of the Code of Civil Procedure regarding the publication and posting of notice, the judgment is silent upon it. ██ "It is the settled rule that whatever issue was actually and necessarily included in a former judgment will be deemed to have been adjudged thereby." (*Alphonzo E. Bell Corp.* v. *Bell etc. Syndicate,* 46 Cal.App.2d 684, 692 [116 P.2d 786].) The issues as to whether Wander was the purchaser of the property at the sale, and whether the trustee published and posted the required notice of the sale, were necessarily included in judgment in the municipal court action. (See *Seidell* v. *Anglo-California Trust Co., supra,* 55 Cal.App.2d 913, 920 [132 P.2d 12]; and *Bliss* v. *Security-First Nat. Bank,* 81 Cal.App.2d 50, 58 [183 P.2d 312].)

The issues in the present case were adjudicated in the municipal court action.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.