[Civ. No. 19170. First Dist., Div. Two. June 27, 1960.]

EVA HENRIETTA HATCH, as Executrix, etc., Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association) et al., Respondents.

Spruance, Simonian & Pretzer for Appellant.

Samuel B. Stewart, H. H. Bechtel, J. R. Drumwright and Willens, Boscoe & Short for Respondents.

KAUFMAN, P. J.—This is an appeal from a judgment sustaining the respondents' special defense of res judicata in an action to recover damages for the conversion of a truck and for the loss of operating revenues. Appellant contends that res judicata is not applicable here.

The appeal is on a settled statement of facts which reveals the following: on September 25, 1954, in the Superior Court of San Joaquin County, Clifford A. Hatch filed an action to quiet title to a Peterbilt Six Flat Rack Truck against Mel Ivers, individually, and doing business as Ivers Transportation Company and Ivers Transportation, Inc. The complaint alleges that Hatch was the owner of the truck and entitled to possession. On August 8, 1955, the truck was taken from the possession of Hatch by agents of the Bank of America (the legal

owner of the vehicle). On September 22, 1955, plaintiff amended his complaint to include both respondents in the present action as defendants in that San Joaquin County action. On April 13, 1956, a judgment was entered in favor of Hatch as a secured creditor of Mel Ivers and pledgee of the truck. The judgment decreed that the claim of Hatch was superior to the claims of the defendants and that Hatch was entitled to immediate possession.

In November, 1956, Hatch filed this action in the Superior Court of Alameda County, for damages for the conversion of the truck and for the loss of operating revenues for the period of time during which the plaintiff was deprived of the use and benefit of the truck. Clifford Hatch died on November 17, 1957, and Eva Henrietta Hatch (appellant herein) as executrix of the estate of Clifford Hatch, was substituted as plaintiff. Subsequently, pursuant to a stipulation, the special defense of res judicata was severed from the other issues and tried. The trial court found that the damages sought had accrued at the time of the filing of the San Joaquin County action in which the right to possession of the vehicle was litigated, and concluded that the relief sought in this action was barred by the judgment in the prior action.

In determining the validity of a plea of res judicata, three questions are pertinent: Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? (*Bernhard* v. *Bank of America,* 19 Cal.2d 807 [122 P.2d 892].) Here, there is no question that the prior judgment was final on the merits and between the same parties. Appellant argues, however, that there are separate and distinct causes of action; one to quiet title to the truck and the other for damages for the wrongful retention of the vehicle.

There is no merit in the appellant's argument. The record before us indicates that the judgment in the San Joaquin County action decreed that the plaintiff had the right to immediate possession. "It is the settled rule that whatever issue was actually and necessarily included in a former judgment will be deemed to have been adjudged thereby." (*Strickland* v. *Calancorporation, Ltd.,* 156 Cal.App.2d 488, 495 [319 P.2d 737].)

On its face, the judgment indicates that the issue of possession was expressly determined in that action. Appel-

lant argues that the court had no jurisdiction to determine the issue of possession. Appellant's argument is based on the following reasoning from *Crowther* v. *Metalite Mfg. Co.*, 133 Cal.App. 452, 458 [24 P.2d 551] :

". . . In California, where the ordinary action is brought to quiet title to real property under the provisions of section 738 of the Code of Civil Procedure, the plaintiff is entitled to a judgment for possession of the property, but jurisdiction to thus act is derived from section 380 of the Code of Civil Procedure. (*Polack* v. *Gurnee*, 66 Cal. 266 [5 P. 229, 610].) When section 738 of the Code of Civil Procedure was amended so as to place personal property in the same category with real property in the matter of quieting title, the legislature apparently overlooked the amendment of section 380 of the Code of Civil Procedure so as to give the court the right to adjudge possession in respect to personal property in such an action. *If the right to possession is expressly made an issue in an action to quiet title, of course the authority to adjudicate that issue would be unquestioned.*" [Emphasis supplied.]

Appellant's argument is refuted by her own authority quoted. All of the authorities cited by the appellant relate to situations where the matter of possession was not made an issue. (See for example *Baar* v. *Smith*, 201 Cal. 87 [255 P. 827] ; *Denning* v. *Green*, 119 Cal.App. 102 [6 P.2d 317].) While in some instances, the question of title is not necessarily resolved, this is not such a case. (See *Zaccaria* v. *Bank of America*, 164 Cal.App.2d 715 [331 P.2d 198].)

We think *Van Horne* v. *Treadwell*, 164 Cal. 620 [130 P. 5], is applicable here. In that case, the plaintiff pledged 3,500 shares of stock to secure repayment of a note. When the plaintiff tendered payment of the amount due, the defendant refused the tender and refused to redeliver the stock. The plaintiff then brought an action to recover the possession of the stock and prevailed; the defendant redelivered the stock to the plaintiff. Thereafter, the plaintiff commenced a second action, alleging that on the date of his original tender, he had received an offer for the stock which he would have accepted; and that by the date of the judgment, the stock had decreased in value in the amount of $3,000, which the plaintiff sought as damages. In affirming the judgment for the defendant in the second action, the Supreme Court said at 622 :

"So far as the plaintiff's demand is based upon the depreciation in the value of the stock, it is apparent that the action seeks to claim damages for the wrongful act of the defendants

in withholding possession of the property which had already been regained by means of the former action. Such damages cannot be recovered for the simple reason that the plaintiff's right to them should have been litigated in the former action. The judgment there rendered was a conclusive adjudication of all matters, arising out of the withholding of the stock, which might have been presented to the court for determination. Whether we regard the first action as one in claim and delivery, or as a suit in equity for specific performance of the agreement to return pledged property on payment of the debt (in other words, a bill to redeem) there can be no question that in that action plaintiff was entitled to recover all damages sustained through the wrongful refusal of the defendants to redeliver the property. There was a total breach of a single and entire obligation, and the plaintiff could not split his demand for relief on account of such breach, so as to entitle him to recover a part of such relief in one action, and the remainder in another . . . ''

*McCaffrey* v. *Wiley*, 103 Cal.App.2d 621 [230 P.2d 152] is also pertinent. In that case, the owner of certain land executed a 3 year lease to the plaintiff; thereafter, the same owner leased the same land to the defendant who went into possession immediately. Plaintiff brought an action of ejectment against the defendant to recover possession, and did not include a claim for rents or mesne profits. After the judgment became final, the plaintiff brought another action against the defendant for the wrongful withholding of the possession of the land. The lower court held that the plaintiff had waived his right to recover such damages by failing to assert the same in the first action. In affirming the judgment below, the appellate court said at 626 :

''The question of damages for withholding the possession of land from another is closely and intimately connected with the question as to the right of possession of the land, and both rest upon the same invasion or violation of the same right. Logically, both claims should come under the well-established principles and rules prohibiting the splitting of what is, in essence and practical effect, a single cause of action . . .''

We think the same reasoning applies here. It is well settled that a party may not split a single cause of action raising the same obligation as the basis of separate suits, and where this is done, the judgment in the first action may be pleaded as a bar to a subsequent suit based on the same fundamental claim which could have been presented in the first

action. (*City of San Marino* v. *Roman Catholic Archbishop*, 180 Cal.App.2d 657, 678, 679 [4 Cal.Rptr. 547]; *Wulfjen* v. *Dolton,* 24 Cal.2d 891 [151 P.2d 846]; *Panos* v. *Great Western Packing Co.,* 21 Cal.2d 636 [134 P.2d 242]; *Slater* v. *Shell Oil Co.,* 58 Cal.App.2d 864 [137 P.2d 713].) "The violation of one primary right constitutes a single cause of action, though it may entitle the injured party to many forms of relief, and the relief is not to be confounded with the cause of action, one not being determinative of the other." (*Wulfjen* v. *Dolton,* 24 Cal.2d 891, 895-896 [151 P.2d 846].)

In view of the foregoing, the judgment must be and is hereby affirmed.

Draper, J., and Stone, J. pro tem.,* concurred.

A petition for a rehearing was denied July 27, 1960, and appellant's petition for a hearing by the Supreme Court was denied August 24, 1960.

*Assigned by Chairman of Judicial Council.