[Civ. No. 2035. Fifth Dist. June 27, 1975.]

KMAP, INC., Plaintiff and Appellant, v.
TOWN & COUNTRY BROADCASTERS, INC.,
Defendant and Respondent.

**COUNSEL**

Vizzard, Baker, Sullivan, McFarland & Long and Jere N. Sullivan for Plaintiff and Appellant.

Deadrich, Bates & Tutton and Kenneth H. Bates for Defendant and Respondent.

## OPINION

**GARGANO, Acting P. J.**—Plaintiff brought this action in the court below to recover on a promissory note executed by Town & Country Broadcasters, Inc., hereinafter referred to as defendant. Plaintiff appeals from a judgment entered on the court's order dismissing the action. Because we have concluded that the trial court's order of dismissal was in error, we reverse the judgment.

On March 30, 1966, defendant borrowed $18,121.37 from Bank of America to pay for certain radio equipment it had purchased from the plaintiff for the operation of a FM radio station. This loan was guaranteed by plaintiff and was evidenced by a promissory note payable in three installments; in consideration for the guarantee, defendant executed a security agreement effecting a security interest in favor of plaintiff in the radio equipment.

Defendant defaulted on all three installments, and on September 22, 1966, Bank of America made a demand on plaintiff for full payment of the principal and interest; plaintiff paid the bank the sum of $19,960.76 and was assigned the promissory note which defendant executed. Then plaintiff attempted to acquire possession of the collateral pursuant to the provisions of the security agreement, but defendant refused to surrender the property or to cure the default.

In May 1967, plaintiff acquired a judgment in the Superior Court of Kern County ordering defendant to surrender possession of the radio equipment as required by the security agreement; plaintiff sold the property at public sale for the sum of $7,000. Thereupon, plaintiff brought this action to recover the difference between the proceeds derived at the public sale, less expenses, and the full amount of the indebtedness.

In answer to plaintiff's complaint, defendant, by way of special defense, alleged, among other things, that plaintiff was barred from maintaining the action; it asserted that the doctrine of res judicata was applicable because plaintiff had split a single cause of action. The trial court agreed and dismissed the lawsuit.

It is true that we are concerned here with what is tantamount to a single event, defendant's failure to fulfill the obligation it incurred when it borrowed money from Bank of America to pay for the radio equipment defendant purchased from plaintiff. But, we also are concerned with two separate, though integrally related, contracts, i.e., the promissory note and the security agreement. Defendant breached both agreements, and these breaches resulted in two separate wrongs which gave rise to several cumulative remedies. (Cal. U. Com. Code, §§ 9501, 9503, 9504.)

The first contract, the promissory note, created the initial obligation; by executing the note, defendant became obligated to pay the specified installments of principal and interest as they became due and owing; by defaulting on the note, defendant committed a wrong which obligated plaintiff to pay the indebtedness on defendant's behalf. Defendant's delict or wrong, therefore, gave plaintiff the right to sue for reimbursement or, as in this case, to sue on the promissory note which had been assigned to plaintiff by Bank of America.

On the other hand, the second contract, the security agreement, effected a security interest in favor of plaintiff in the radio equipment plaintiff sold to defendant and created a different duty on the part of defendant and different and additional remedies in favor of plaintiff; this contract obligated defendant, upon default on the promissory note, to surrender possession of the equipment to plaintiff; it also gave plaintiff the right to retain the property or to sell it at private, public or judicial sale, and after applying the proceeds of the sale to the indebtedness to sue defendant for any deficiency. When defendant refused to surrender possession of the collateral, it failed to fulfill another primary duty, and this failure resulted in a separate delict or wrong, giving rise to distinct remedies. (Cal. U. Com. Code, § 9503.)

Plaintiff's initial action to recover possession of the radio equipment in question was not an action to recover on the promissory note defendant executed in favor of Bank of America; it was an action to increase plaintiff's security so that plaintiff could gain possession of the collateral in order to sell it at public or private sale prior to suing on the note for any deficiency remaining. In short, the first action was brought to enforce a specific right resulting from a specific wrong so that plaintiff could enhance its security position in connection with a fixed indebtedness. By bringing the first action, predicated upon the security agreement to recover the property and then by bringing the second action predicated upon the promissory note to recover the deficiency, plaintiff did not split

a single cause of action nor did it place defendant in any position different than it would have been had defendant voluntarily surrendered the collateral.

The early case of *Harper v. Gordon,* 128 Cal. 489 [61 P. 84], is analogous. In that case the mortgagor defaulted on a debt secured by a chattel mortgage, and the mortgagee brought an action to foreclose the mortgage; subsequently, that action was dismissed. Later, the mortgagee brought an action to gain possession of the collateral pursuant to a provision of the chattel mortgage giving the mortgagee the right to take possession of the property upon default of the mortgagor. The Supreme Court held that the action to gain possession of the collateral was not an action to recover on the debt but an action by the mortgagee to increase his security. The court concluded that the second lawsuit was not barred by the previous action to foreclose the mortgage. (*Supra,* 128 Cal. at pp. 491-492; see *Podrat v. Oberndorff,* 207 Cal. 457, 459 [278 P. 1035, 63 A.L.R. 1308]; *Elmore Jameson Co.* v. *Smith,* 34 Cal.App.2d 609, 613 [93 P.2d 1063]; *Ely* v. *Williams,* 6 Cal.App. 455, 457-458 [92 P. 393]; cf. *Commercial Centre R. Co.* v. *Superior Ct.,* 7 Cal.2d 121, 125 [59 P.2d 978, 107 A.L.R. 714].)

Defendant argues that the *Harper* case and the other cases relied upon by the plaintiff are no longer authoritative because they involved chattel mortgages, were concerned with statutes which have been repealed and were decided at a time when property secured by a chattel mortgage could not be sold unless the mortgagee was in possession of the property; defendant points out it is now possible for a secured debtor to sell the collateral without taking manual possession of the property. (*Sierra Financial Corp.* v. *Brooks-Farrer Co.,* 15 Cal.App.3d 698, 703-704 [93 Cal.Rptr. 422].)

Defendant's argument is unacceptable. The fact that secured property can be sold by the secured creditor without taking manual possession thereof does not eliminate the wrong which the debtor commits by refusing to surrender possession of the property in accordance with the terms of a security agreement. Neither is there any validity to the suggestion that a secured creditor need not gain possession of the collateral in order to insure his security position; we can visualize numerous situations where it would be extremely difficult, if not impossible, for a creditor to sell the collateral at private or public sale while the property was in the possession of or hidden by the debtor. It would be unthinkable to hold that a defaulting debtor who has given a

creditor a security interest in personal property can narrow the creditor's cumulative remedies by hiding or refusing to give up possession of the property. Such a holding would seem to fly in the face of section 9503 of the California Uniform Commercial Code which gives the secured creditor the right to bring an action to gain possession of the collateral when he cannot acquire possession peaceably.[1]

The cases of *Van Horne* v. *Treadwell,* 164 Cal. 620 [130 P. 5], and *Hatch* v. *Bank of America,* 182 Cal.App.2d 206 [5 Cal.Rptr. 875], are distinguishable. In *Van Horne,* defendant was given stock to hold as collateral to secure a debt incurred by plaintiff. When the debt became due, plaintiff tendered payment but defendant refused to accept and kept the stock; at that time a third party was willing to purchase plaintiff's stock for $7,500, and the sale was lost. Plaintiff then brought an action to recover the stock and acquired a judgment. Later, plaintiff brought a second action for damages caused by the stock's devaluation. The court properly concluded that plaintiff had split a single cause of action and entered judgment accordingly; only one wrong, giving rise to several remedies, was committed; plaintiff could have sued defendant for the conversion of his stock or he could have brought an action to recover the stock, together with damages resulting from the wrongful withholding.

In *Hatch,* defendants wrongfully withheld a truck from plaintiff's possession. In the first lawsuit, plaintiff obtained repossession of the truck. In the second lawsuit, plaintiff sought damages for loss of operating revenues for the period of time during which he was deprived of the use and possession. As in *Van Horne,* only one wrong was committed and the court so concluded.

The judgment is reversed.

Franson, J., and Thompson, J.,* concurred.

---

[1]Section 9503 of the California Commercial Code reads as follows: "Unless otherwise agreed. a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed *without judicial process* if this can be done without breach of the peace *or may proceed by action.* . . ." (Italics added.)

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.