[Civ. No. 22589.   Second Dist., Div. Three.   May 6, 1958.]

BENT H. CARDAN, Plaintiff and Appellant, v. MURRAY STERN et al., Respondents; GREEN BROTHERS CONSTRUCTION COMPANY (a Partnership) et al., Defendants and Appellants.

Hill & Attias and Philip Glusker for Plaintiff and Appellant.

T. Ed. Scarborough for Defendants and Appellants.

Snow & Snow for Respondent Murray Stern.

SHINN, P. J.—Action for an injunction and damages. The complaint alleges that plaintiff has developed and owns a set of plans and specifications for a nine-unit apartment building which he builds complete for $50,000; his plans and specifications are of superior quality, workmanship and design, the result of his unique efforts in the development thereof; defendant Stern borrowed plaintiff's plans and specifications upon a representation that he contemplated constructing an apartment building; Stern took the 'plans and specifications to Jim B. Dodge and Paul E. Iacono who made copies of them at the request of defendants Stern and Green Brothers Construction Company; the latter company was engaged in the construction of a building for Stern in accordance with the plans and specifications. Plaintiff sought compensatory damages in the sum of $25,000 and exemplary damages in the sum of $50,000. In what he has designated as a second cause of action, the complaint reiterates by reference all the allegations of the first cause of action with the exception of the allegation of damage. It was then alleged plaintiff would be irreparably damaged if further use is made of the plaintiff's plans and specifications by defendants. In addition to the prayer for damages there was demand for an injunction against continued use of the plans and specifications by defendants.

At the commencement of the trial there was an extended colloquy between the court and counsel. The building had been completed. It was agreed that the issues as to the alleged wrongful appropriation of plaintiff's property and the demand for damages would be submitted to a jury. All parties stipulated that if the jury should return a verdict in favor of plaintiff an injunction might issue in his favor. As stated

by defendants "an injunction would follow." The agreement was stated by the court as follows: "In the event of a verdict in favor of the plaintiff on the first cause of action, that would include an implied finding that the allegations of the plaintiff's complaint alleging wrongdoing by the defendants are true, and, upon the basis of that implied finding by the jury, that your clients did these wrongful acts. The stipulation would be on that finding, without the necessity of any further evidence of wrongdoing on the part of the defendants, the judgment may be entered granting the injunction as prayed." Counsel expressed their agreement.

September 5, 1956, the jury returned a verdict in favor of plaintiff and against defendants Otis R. Green, O. J. Green, Murray Stern and Jim B. Dodge for $20,000 compensatory and $30,000 exemplary damages. Thereupon judgment upon the verdict was duly entered by the clerk. No judgment was signed by the court and the judgment as entered did not provide for an injunction. Thereafter, numerous proceedings were had. September 14, 1956, the Greens and Dodge gave notice of intention to move for a judgment notwithstanding the verdict or, in the alternative, for an order granting them a new trial. September 17, Stern filed a similar notice. September 18, plaintiff gave notice of a motion to vacate the judgment and for the entry of a judgment on both the first and second causes of action, namely, for damages and also an injunction. October 9, the three motions were heard together. October 16, by a single order, the two motions for new trials were granted and defendants' motions for judgment notwithstanding the verdict were denied and plaintiff's motion to vacate the judgment and for entry of a judgment on both causes of action was placed off calendar and not acted upon.

The court should have included in the judgment a provision for an injunction in accordance with the stipulation and having failed to do so should have granted plaintiff's motion.

Following the court's refusal to grant an injunction against the further use of plaintiff's property, and as a result of the error, the parties set about to devise ways and means for the preservation of their rights as they conceived them to be. Plaintiff sought to preserve his judgment for damages; defendants sought to sustain the order granting them a new trial. A recitation of the devices that were employed will picture a condition of "confusion worse confounded."

October 31, 1956, plaintiff filed a request for dismissal of

the purported second cause of action; dismissal was entered November 1st.

February 28, 1957, plaintiff gave notice of a motion to vacate the order granting defendants a new trial and for an order directing the issuance of a writ of execution on the judgment. March 4, 1957, Green Brothers and Dodge noticed a motion to vacate the judgment of September 5 in favor of plaintiff or in lieu thereof to permit the defendants to move for a new trial. On the same day they noticed a motion for a judgment in their favor notwithstanding the verdict or in the alternative for a new trial. March 25, 1957, plaintiff's motion to vacate the order granting a new trial and for writ of execution was denied. On the same day the motion of Green Brothers and Dodge to vacate the judgment of September 5 or in lieu thereof to permit them to move for a new trial and the motion of said defendants for judgment notwithstanding the verdict or in the alternative for a new trial were denied. The minutes on the same day show that a motion of Stern to vacate the judgment of September 5 or to correct a clerical error of the clerk in failing to enter a judgment on the second cause of action was denied. There is no record of such notice of motion or motion in the clerk's transcript.

April 5, 1957, plaintiff filed notice of appeal from this order of March 25. April 29, 1957, Green Brothers and Dodge gave notice of a counter appeal from the order of March 25 ''denying said defendants' motion for relief against the alleged judgment.'' It does not appear that Stern took an appeal from this order.

Plaintiff advances the following contentions on his appeal: (1) The judgment of September 5 was void for the reason that the court may not render judgment until all the issues in the case have been determined. (2) The notices of intention to move for new trial were premature because they were given prior to the rendition of a valid judgment, and the order granting a new trial was void. (3) Although the judgment was void it was validated by plaintiff's voluntary dismissal of his second cause of action. (4) Although the judgment was thus validated the proceedings on the motions for new trial were not validated, and the order granting the motions was in excess of the court's jurisdiction.

The contentions of the defendants are: (1) The judgment of September 5 was void because it was entered prior to the determination of all the issues in the case. (2) It was not validated by dismissal of the second cause of action. (3) A

motion for new trial will lie at any time after a decision of the facts and, in this case, after the entry of the verdict of the jury. (4) The order granting the motions for a new trial was valid and there is no existing judgment upon which execution could be issued.

Plaintiff did not appeal from the order granting defendants a new trial. Defendants, quite naturally, having been granted a new trial, did not appeal from denial of their motions for judgment notwithstanding the verdict.

At this point, in the interest of clarity, a measure of elucidation may be helpful. About a month after his motion for a different judgment had been denied plaintiff conceived the theory that the judgment and the new trial proceedings were void in the beginning but that the judgment could be validated by the dismissal of his so-called second cause of action. Later, he claimed it had been validated by his dismissal. He contended that the order granting a new trial was void for the reason that the notice of the motions was given before all the issues in the case had been determined, but he denied that the new trial proceedings were or could be validated. Upon this theory he sought execution on his judgment. The defendants in making their motions in March 1957 also contended that the judgment was void because all the issues had not been determined, that it never became valid, and they maintained that the new trial proceedings were nevertheless valid. They maintain the same contentions on the appeal.

Thus, plaintiff, and the defendants as well, maintain that it was unnecessary for any appeal to be taken from the September 5 judgment, or from the order entered October 16 denying their several motions, upon the theory that the judgment and the order, insofar as it was adverse to their respective claims was void and could be questioned at any time. We shall not pause to comment upon the fact that it is also assumed that a void order is not appealable. For reasons which are obvious, neither side questions the appealability of the order. We shall not. We have read 134 pages of briefing, with some explanatory letters, which is enough. And we have no intention of disturbing the order in whole or in part.

The proceedings which followed by some four and one-half months the order of October 16 created problems for the parties which they have wrestled with at tedious length and with considerable ingenuity, all unfortunately, to no good end. We have found it necessary to decide the appeals under rules of procedure to which the briefs give no recognition.

The respective appeals are presented on the false premise that the judgment and the order of October 16 were void. For reasons to be stated we hold they were not void; the judgment was valid; the proceedings on motion for new trial were regular; and the order granting defendants' motions for new trial was valid, and vacated the judgment.

Granted that no valid judgment can be entered while material issues remain undetermined, we do not have such a case. In the first place, there was but a single wrong alleged and but a single cause of action. The demand for an injunction is predicated upon the identical facts alleged as the basis of the demand for damages. This appears from the pleadings.

As the court said in *Wulfjen* v. *Dolton*, 24 Cal.2d 891, at pages 895-896 [151 P.2d 846] : "The violation of *one primary right* constitutes a single cause of action, though it may entitle the injured party to many forms of relief, and the relief is not to be confounded with the cause of action, one not being determinative of the other." (See also *Work* v. *County Nat. Bank etc. Co.*, 4 Cal.2d 532, 540 [51 P.2d 90] ; *Dabney* v. *Philleo*, 38 Cal.2d 60, 68 [237 P.2d 648] ; *Merlino* v. *West Coast Macaroni Mfg. Co.*, 90 Cal.App.2d 106, 115 [202 P.2d 748].) Since the count for injunctive relief was based upon the specific facts alleged in the first count, but one cause of action was stated. (*Tiedje* v. *Aluminum Taper Milling Co.*, 46 Cal.2d 450, 452 [296 P.2d 554].)

In the second place, at the commencement of the trial, the defendants consented that the court should enter judgment against them for an injunction if the verdict of the jury should be in favor of the plaintiff and it was stipulated that this might be done without the taking of further evidence. The court not only had authority but a duty to enter a judgment in favor of plaintiff for the requested injunction, in accordance with the stipulation of the parties. When the verdict was returned the court was empowered to enter a judgment, not merely because a verdict had been returned which determined all the issues, but also because the trial had been completed and a judgment on the entire case was due under the stipulation. The judgment as entered was incomplete, and for that reason was erroneous, but it was not entered while issues remained undetermined and it was not void. It furnished a sound basis for the proceedings for a new trial. The order granting defendants a new trial was a valid order. All subsequent proceedings were in vain, and the later motions were properly denied.

■ There is no merit in the cross appeal. Defendants did not appeal from the order of October 16 denying their motions for judgment notwithstanding the verdict. Their appeal from the order of March 25 insofar as it denied their motions for judgment notwithstanding the verdict fails for the reason that their motion was made six months after the judgment was entered and for the further reason, as above noted, that they did not move for a directed verdict. (Code Civ. Proc., § 629.) Also it is far too late for them to contend that the principal issue in the controversy, namely, plaintiff's claim that he had a protectible property right, should not have been submitted to the jury.

The order is affirmed in its entirety; each party to bear his own costs on appeal.

Vallée, J., and Patrosso, J. pro tem.,* concurred.

A petition for a rehearing was denied May 16, 1958, and the petition of plaintiff and appellant for a hearing by the Supreme Court was denied July 2, 1958.

*Assigned by Chairman of Judicial Council.