[Civ. No. 23484.   Second Dist., Div. Three.   Sept. 24, 1959.]

ELWOOD ALSTON et al., Plaintiffs; ERNEST R. UTLEY, as Trustee in Bankruptcy, etc., Appellant, v. H. T. GOODWIN, Respondent.

Harry M. Irwin for Appellant.

Stephens & Tremaine and Albert Lee Stephens, Jr., for Respondent.

SHINN, P. J.—The present action was commenced in Los Angeles County June 8, 1949, for the recovery of $34,634.70, being treble the amount of interest and a usurious bonus paid by plaintiffs to H. T. Goodwin in repayment of a loan. March 8, 1948, Goodwin loaned plaintiffs $40,000 and took as security a crop mortgage of Alston and wife and an assignment by M. A. Fleming, Josie Bell Fleming and James M. Fleming of a note of the Alstons in the amount of $50,000 secured by a trust deed upon real property in Riverside County. Thereafter and prior to September 11, 1948, plaintiffs paid to Goodwin $51,544.90 of which $1,544.90 was interest on $50,000 and $10,000 was a bonus which Goodwin exacted as consideration for the loan of $40,000. Eleven thousand five hundred forty-four dollars and ninety cents was a usurious exaction; $34,634.70 was sought as treble the amount of the usurious payments.

Further facts are that when the $50,000 debt was paid to Goodwin he reassigned the security and Fleming negotiated another loan from Goodwin of $65,000. The Flemings again assigned to Goodwin the $50,000 note and trust deed and the Alstons also gave Goodwin as security a $20,000 note secured by a trust deed and a crop mortgage for $70,000.

On October 13, 1949, Goodwin brought suit in Riverside

County against plaintiffs herein to foreclose the $50,000 trust deed. The Flemings appeared and filed numerous pleadings. The only one we are concerned with is an answer and counterclaim of the Flemings which alleged the same facts and sought the same relief as in the complaint in the present action, namely, treble the amount of usurious payments exacted in the amount of $34,634.70. This amount was awarded M. A. Fleming at the trial. Goodwin appealed and the judgment was reversed (*Goodwin* v. *Alston,* 114 Cal.App.2d 713 [250 P.2d 722]) upon the ground that more than a year had expired between payment of the loan and action filed by the borrowers for treble the amount of usurious payments and that the counterclaim for treble damages was barred by section 3 of the Usury Law. (2 Deering's Gen. Laws, 1944, Act 3757, p. 1350.) The action was retried. Fleming was allowed $18,261.65 as an offset to his debt to Goodwin of $65,000. Goodwin appealed again and the judgment in favor of Fleming was modified to $13,902.48 (*Goodwin* v. *Alston,* 130 Cal. App.2d 664 [280 P.2d 34]). The judgment was fully discharged and satisfied.

In the meantime, M. A. Fleming had become bankrupt and Utley, as his trustee, was substituted for him in the Riverside action and the present action. On May 6, 1954, the parties entered into a stipulation which provided that the action need not be tried until a judgment in the Riverside action should become final. The effect of the stipulation was to bar the defendant from moving to dismiss for failure to bring the action to trial.

On December 7, 1957, Utley moved for a summary judgment upon the ground that Goodwin's liability for treble damages was established by the Riverside judgment. Goodwin countered with a motion to dismiss upon the ground that satisfaction of the judgment in the Riverside action was satisfaction of the entire cause of action under the Usury Law. Goodwin's motion was granted, the action was dismissed and Utley appeals.

The questions are (1) did the usurious transaction give rise to only a single cause of action and (2) was it a cause of action that could be split by a recovery of the amount of the usurious payments in the Riverside action and twice the amount of those payments in the present action? The first question requires an affirmative, the second a negative answer.

We are not persuaded by Utley's contention that notwithstanding recovery of the $11,544.90 and interest in the River-

side case, twice that amount may be recovered here as the balance of the $34,634.70 originally claimed by Fleming. The argument is based upon the erroneous assumption that Fleming had two causes of action against Goodwin, one to recover the amount of the usurious payments and another for the penalty prescribed by the Usury Law.

■ It is settled that section 3 of the Usury Law providing for treble damages affords the borrower an additional remedy, in the nature of a penalty, which is cumulative to the other remedies for usury. (*Westman* v. *Dye,* 214 Cal. 28 [4 P.2d 134]; *Taylor* v. *Budd,* 217 Cal. 262 [18 P.2d 333]; *Stock* v. *Meek,* 35 Cal.2d 809 [221 P.2d 15].) ■ Although a borrower may be entitled to several forms of relief, the violation of a single primary right constitutes a single cause of action and his remedies are not to be confounded with his cause of action. (*Cardan* v. *Stern,* 160 Cal.App.2d 135, 140 [324 P.2d 736] and cases cited; *Wulfjen* v. *Dolton,* 24 Cal.2d 891 [151 P.2d 846].) ■ But one wrong having been committed, namely, the exaction of usurious interest and bonus, Fleming could not pursue one remedy in one lawsuit and a second remedy for the same wrong in another suit. ■ As stated in 1 Corpus Juris Secundum 1306: ''A single cause of action cannot be split either as to relief demanded or grounds on which recovery is sought and two or more actions brought thereon, and to do so makes pleas in abatement or of res judicata available respectively against all actions other than the one first commenced or on which judgment is first rendered.'' This principle is fundamental and has been consistently applied by our courts. (*Wulfjen* v. *Dolton, supra,* 24 Cal.2d 891; *McCaffrey* v. *Wiley,* 103 Cal.App.2d 621 [230 P.2d 152]; *McNulty* v. *Copp,* 125 Cal.App.2d 697 [271 P.2d 90].)

However, plaintiff says that if he had but a single cause of action it was necessary for him to split it. He contends that he was required to assert his demand based upon usury in the Riverside case for the reason that it would be altogether lost if he failed to assert it as a counterclaim. He overlooks the fact that Goodwin's action was for the foreclosure of the trust deed which he held as security for the $65,000 loan and that it had nothing to do with the $40,000 loan which had been repaid.

Section 439, Code of Civil Procedure, reads: ''If the defendant omits to set up a counterclaim upon a cause arising out of the transaction set forth in the complaint as the founda-

tion of the plaintiff's claim, neither he nor his assignee can afterwards maintain an action against the plaintiff therefor." Defendant cites and relies upon this code section in support of his contention that plaintiff and his predecessor Fleming voluntarily and unnecessarily split the cause of action, inasmuch as they were not obliged to set up usury in the Riverside action for the reason that it was based upon a separate transaction from the one that is involved in the present case. Upon this point plaintiff makes no mention of the code section. He cites *Andrews* v. *Reidy*, 7 Cal.2d 366 [60 P.2d 832], as authority for his contention that his action for usury would have been barred had he not set it up as a counterclaim. The case does not support his contention. Only one transaction was involved. Reidy had loaned $12,000 to Andrews. Later, in an interpleader action to which they were parties and in which the amount due Reidy was in issue, he was awarded $15,000 as a part of the compensation he demanded in payment of the loan. Andrews did not plead as a defense or counterclaim that $3,000 of the $15,000 constituted interest at a usurious rate. In a later action he sued for $9,000 claimed as treble the amount of the excessive payment. It was held that his failure to plead usury in the first action operated as a bar to the second action. The court applied the rule (p. 371) that if a borrower suffers a judgment to be entered against him which includes interest at a usurious rate he may not afterwards recover the amount of the usurious exaction. Under this principle Fleming and his trustee would have been required to assert the claim of usury in the Riverside action only in case the foundation of Goodwin's action was the $40,000 loan transaction.

Where the parties engage in two separate transactions neither party is required to assert his demands under one transaction as a counterclaim against the demands made against him based upon the other transaction. It is only when the respective demands sued upon arise out of the same transaction that the doctrine of merger applies. (*Jones* v. *Mortimer,* 28 Cal.2d 627 [170 P.2d 893].) Plaintiff was not required to assert usury in the $40,000 transaction in Goodwin's action based upon the $65,000 transaction. His action in so doing was voluntary and the cause of action he now seeks to further prosecute is barred as an attempt to split his cause of action.

We cannot agree that Goodwin waived the right to object to the splitting of plaintiff's cause of action by denying his

right to recover treble damages in the Riverside case. All that Goodwin did in that case with respect to the claim of usury in the $40,000 transaction was to defend himself against plaintiff's demands. Plaintiff's procedure throughout was taken voluntarily and Goodwin cannot be held responsible for the consequences.

Inasmuch as the views we have expressed render untenable other arguments of plaintiff we need not discuss them. For the reasons stated the judgment must be affirmed.

The judgment is affirmed.

Vallée, J., concurred.

Wood (Parker), J., did not participate.