[Civ. No. 9601. First Appellate District, Division Two.—March 28, 1935.]

PAUL BERNHARD, Appellant, v. WILLIAM DELLUAI-TANTE, Respondent.

Sandford, Burger & Barry for Appellant.

Martinelli & Gardiner for Respondent.

STURTEVANT, J.—Violet R. Patten, the owner and operator of one automobile, and the defendant, the owner and operator of another automobile, had a collision between their cars. The former settled with her insurance carrier. It assigned its claim to the plaintiff. The latter sued the other owner. The trial court made findings in favor of the defendant and the plaintiff has appealed from the judgment and has brought up the judgment roll and an abbreviated bill of exceptions.

The trial court found as a fact that Miss Patten executed and delivered to the defendant, for a consideration of $500, a release which constituted a complete defense. The plaintiff contends it was wholly ineffectual because its assignor had been, at the time the release was executed, subrogated to all of the rights of Miss Patten. The defendant contends and the trial court found that at the time Miss Patten executed the release the defendant did not know she had been paid by her insurance carrier and that the latter had been subrogated to her rights and therefore the release had the full force and effect expressed on its face. ■ The question then arises as to whether certain findings are supported by the evidence. It is the contention of the plaintiff that the release was accepted by the defendant and he paid to Miss Patten the consideration therefor after he had notice of the fact that Miss Patten's insurance carrier had been subrogated to her rights and that such notice was embodied in a letter written May 25, 1932, by said carrier to the defendant. Said letter was in words and figures as follows:

"California State Automobile Association
"Inter-Insurance Bureau, General Offices
"150 Van Ness Avenue
"Telephone Hemlock 3400
"San Francisco, California.
"In reply please address Inter-Insurance Bureau.
"May 24, 1932.
"Claims.

"Mr. William Delluaitante
"210 Broad Street
"San Francisco, California.
"Dear Sir: Re: Claim No. 288200 Miss Viola R. Patten.
"It has been reported to us that under date of April 24,

1932, your Ford coupe bearing license 1 J 2163 was in collision with the Chevrolet sedan of our assured at the corner of Church Street and First, Tomales, California.

"The facts thus far submitted indicate that you are legally liable for the damage done. If you intend to assume liability, kindly advise what arrangement you wish to make with reference to settlement of the damage. However, should you feel that you are not at fault, we will thank you to write or call and explain your version of the accident.

"Not hearing from you, we will assume that you agree with us as to the liability and shall expect to receive your check for the amount of our claim when we submit invoices and advise you of the amount claimed under our rights as insurance carrier for Miss Patten.

"If you are insured for matters of this nature, kindly give us the name and address of your insurance company so that we may communicate with them.

"Yours very truly,

"GEORGE D. HORN,

"Adjuster."

The defendant claims the letter did not give him notice of the subrogation and he also relies on his own testimony in which he positively denied having any notice thereof. The crucial question then arises as to whether said letter is so clear as to be determinative in plaintiff's favor. We think not. The accident occurred on April 24, 1932. The plaintiff alleged and the trial court found that the carrier paid to Miss Patten the amount of its liability to her and became subrogated to her rights and on April 24, 1932, it assigned to this plaintiff all its rights. Assuming all of those facts to be true, it follows that this plaintiff and not the carrier was thereafter the holder of the claim and that the adjuster for the carrier had no right to speak for this plaintiff. But the letter on its face does not even purport to state that the carrier had been subrogated to the rights of Miss Patten nor that the carrier had in turn assigned its claim to this plaintiff. Furthermore the first words, "Re: Claim No. 288200 Miss Viola R. Patten", were, in connection with the context, a direct statement by the carrier to the effect that Miss Patten was making on May 24, 1932, a claim against the carrier. If the carrier, as alleged and

found, paid Miss Patten April 24, 1932, and on that day the carrier assigned to this plaintiff, then Miss Patten had ceased to be a claimant or "our assured", as stated in the letter, but she had become in effect the assignor of the carrier (*American Automobile Ins. Co.* v. *Clark*, 122 Kan. 445 [252 Pac. 215, 217]) and it in turn had become the assignor of this plaintiff. This defendant had the right to read the heading, body and signature of the letter as a whole. Having done so he might assume the carrier had not paid and we see nothing on the face of the letter that purports to inform the defendant that on May 24, 1932, the day the letter was written, any subrogation or assignment had taken place.

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.