[Civ. No. 5483.   Third Appellate District.—June 5, 1936.]

CALIFORNIA STATE AUTOMOBILE ASSOCIATION INTER-INSURANCE BUREAU (a Reciprocal Insurance Exchange), Appellant, v. PETER BRUNELLA, Jr., Respondent.

Sandford, Burger & Barry for Appellant.

Earl B. Myers for Respondent.

STEEL, J., *pro tem.*—This appeal is taken from a judgment rendered against plaintiff and appellant in an action for damages to an automobile, the cost of repairs having been paid by appellant under a contract of insurance. The action is based upon the right of subrogation.

An automobile owned by one I. C. Kimball was involved in a collision with another car owned by respondent Peter Brunella, Jr., as the result of which Kimball was injured and his car damaged. Subsequently, Kimball executed a general release to Brunella releasing him from liability for all damages, property and personal.

The record discloses that prior to the filing of the instant action, the appellant herein attempted to assign its interest under its claimed subrogation rights, to P. L. Bernhard, an employee of appellant, for the purpose of bringing suit to recover the moneys expended in the repair of said car under such insurance policy or contract. That case was tried and judgment rendered in favor of the defendant Brunella, the court finding as true the allegations of ownership of the Kimball car, the collision resulting in damage to said car and the negligence of the defendant and respondent Brunella. The court found against the allegations of insurance coverage, assignment by appellant of its claim to plaintiff Bernhard, and further found that Bernhard was not the real party in interest and that Kimball had released respondent Brunella from all liability.

466

Subsequently, the instant action was brought by appellant in its own name under its asserted right of subrogation. Upon trial the pleadings, findings and judgment in the former action were admitted in evidence, disclosing that the issues herein were the same as in the previous case. The trial court again made findings substantially as in the former action, and in addition found that the judgment therein was *res judicata* as pleaded specially in defendant's answer.

The question here for determination is whether the findings are supported by the evidence. While the parties plaintiff in the two actions are not the same, the evidence shows that in legal contemplation they are privies and are the same parties within the meaning of the statute. (Sec. 1910, Code Civ. Proc.) The term "privity" denotes mutual or successive relationship to the same rights or property. (Freeman on Judgments, 5th ed., sec. 162.)

The judgment on the merits in the former case being final, the finding therein in favor of respondent as to the effect of the release is conclusive as to the subrogation rights of appellant here asserted. Such judgment, erroneous or not, is none the less a bar. (*Lamb* v. *Wahlenmaier*, 144 Cal. 91 [77 Pac. 765, 103 Am. St. Rep. 66].)

The rule is well established that a former judgment concludes the parties and their privies in all subsequent actions upon the same demand, not only as to matters actually adjudicated, but upon all questions which could have been presented for determination therein. (*Neilsen* v. *Emerson*, 118 Cal. App. 214 [6 Pac. (2d) 281]; 15 Cal. Jur., Judgments, p. 135.)

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.