[Civ. No. 5189.   Fourth Dist.   Sept. 24, 1956.]

WILLIAM F. STEIGERWALD, Respondent, v. JOHN GODWIN, Appellant.

Oakes & Horton for Appellant.

Edwin C. Jeffries and Luce, Forward, Kunzel & Scripps for Respondent.

BURCH, J. pro tem.*—Plaintiff sues on a written contract to recover $5,243, the amount stipulated in the contract for the completion of the roofing work in new construction on school buildings in Lakeside, California. The defendant is the general contractor on said construction. Defendant's answer admits the obligation on the contract and sets up a counterclaim for items of damage in the total sum of $1,671.59, which items were incurred in demolition work and otherwise following a destructive fire during the course of the construction work and were not covered by defendant's insurance policies.

Defendant appeals from a judgment in favor of plaintiff which denied recovery on the counterclaim. The court found that evidence produced at the trial proved the fire resulted from the negligence of plaintiff's employees but that the issue had been adjudicated in favor of plaintiff in certain actions brought in the United States District Court of Southern California, Southern Division, by defendant's insurers as assignees of defendant and subrogated to defendant's rights by reason of the payment of defendant's claims against plaintiff for negligently causing the fire. It was found by the court that the fire occurred on July 1, 1952, in the course of plaintiff's work and that defendant was damaged in the amounts claimed. It was also found that plaintiff completed his roofing subcontract and rendered to defendant his bill for performance on January 26, 1953. The court further found that the fire resulted from the negligence of plaintiff's

---

*Assigned by Chairman of Judicial Council.

employees but that plaintiff's negligence had been litigated previously and was res judicata. Finding V reads:

"The Court further finds that any and all claims of defendant arising out of said fire and damage were, prior to the commencement of this action, assigned to General Accident Fire and Life Assurance Corporation, Ltd., on its behalf and on behalf of the other fire insurance companies which had insurance on the said building construction project and that prior hereto all said claims were settled and compromised by the said insurance companies."

It was also found that the insurance companies brought actions on the assigned claims against plaintiff in the Federal Court for the Southern District of California, Southern Division.

Defendant does not dispute the findings stated, except as hereafter noted, nor other findings that the jury rendered a verdict for plaintiff in the federal court action on the assigned claims and that a judgment was entered thereon. He does contest further findings of the trial court that the judgment was res judicata in the present action on the issue of negligence and that the plaintiffs there are in privity with the defendant here, and a further finding of the trial court that an account stated was proved for $5,243.

In the actions by the insurance companies against plaintiff for the fire losses, judgment went for plaintiff following a verdict in his favor. A motion for a new trial was noticed but before a hearing was had, the judge indicated to counsel his intention to grant the motion. At this point, the parties to those actions compromised and settled their claims. Thereupon counsel for the insurance companies agreed that the actions be dismissed and furnished releases to opposing counsel therefor. Defendant, on being informed of this action, made known his refusal to release the plaintiff because of the matters now in suit. As a result of this refusal, the dismissals were not filed and the record in the federal court showed at the time of trial that the motion for a new trial was denied and that the judgment for plaintiff was duly entered. Mr. Godwin, defendant here, was not a party named but actively participated in the cases in federal court. Counsel for plaintiff here also represented him in the insurers' actions. He testified that he conferred with counsel for the companies, who also represents the defendant in the present action; that because of Mr. Godwin's asserted claim and refusal to release, he proposed to take full advantage of the verdict and judgment

should future litigation arise because of defendant's claim.

Counsel for defendant testified that so far as he recalled, he first learned of defendant's claim against plaintiff at the time the insurance cases were settled.

The issues litigated in the federal court, it was evidenced, include the essential issue of negligence to support the counterclaim.

The propriety of the trial court's conclusion that the maintenance of the insurance cases in the federal court on claims assigned by defendant, together with the compromise and settlement of those claims, was ground for abatement of this action, governs the disposition of this appeal.

The fire occurred on July 1, 1952. Plaintiff finished his roofing job and rendered the defendant his statement for $5,243 on January 26, 1953. The assignment by way of receipt on subrogation was dated August 8, 1952. As far as material, it provides as follows:

"SUBROGATION RECEIPT

"Received of the General Accident Fire & Life Ins. Co. Company the sum of Four thousand, seven hundred eighty-seven and 88/100 Dollars ($4,787.88) in full satisfaction of all claims and demands of the undersigned against the said company under its policy No. 562254 arising from or connected with any loss or damage by reason of Hot tar bucket accidentally spilled and communicated to Building which loss or damage occurred on or about the 1st day of July, 1952.

"In consideration of and to the extent of said payment, the undersigned hereby subrogates, assigns and transfers to the said company all the rights, claims, demands and interest which the undersigned has or may have against any parties for said loss or damage, and said company is hereby authorized and empowered to sue, compromise or settle same in the name of the undersigned or otherwise, but for the sole use of said company and at its own cost. . . . and said company is hereby constituted the attorney-in-fact for the undersigned for said purposes and to sign releases . . . that may be necessary in the prosecution, litigation or settlement of said claims . . . The undersigned has not released and will not release any portion of said claims. . . . "

This document is signed by defendant and the Lakeside Union School District.

Defendant alleged as affirmative matter in his answer that the parties had "an understanding" that defendant

would not pay plaintiff his bill until the federal court litigation, begun June 11, 1953, was terminated. This litigation terminated in February, 1955, which is also the time in which the plaintiff's present action was filed.

We do not think that plaintiff's willingness to forego the collection of the debt due him until the later date, as an accommodation to defendant, constituted a waiver of defendant's obligation to him. That evidence might bear upon the finding of an account stated but it does not affect the questions of abatement by the assignments, splitting the cause of action, and the compromise and settlement of the claims.

As to these questions, a situation somewhat similar occurred in *Kidd* v. *Hillman,* 14 Cal.App.2d 507 [58 P.2d 662]. The defendant was charged with negligence in causing an automobile collision and was sued therefor by the victim. Damages were recovered and the defendant given a release. The victim was insured and the insurance company instituted a further action in the name of the victim after judgment in the prior action. Two grounds of decision are pertinent here (p. 510):

" . . . An insured may not split his cause of action, and the insurer is in no better position than the insured. . . . She cannot pursue appellant [after releasing the tort feasor] in another action for damage to her property arising out of the same accident.

"Appellant has been subjected to two actions. He should not be harassed by a third. It was the duty of the insurer to protect its right of subrogation, assuming it had such right. Not having done so, it cannot be heard to complain."

The Kidd case is also authority for the proposition that by subrogation the insurer acquires all the rights of action of the insured and a release obtained with knowledge of subrogation rights would not avail the tort feasor. Citing *Bernhard* v. *Delluaitante,* 5 Cal.App.2d 585 [43 P.2d 338].

*Wulfjen* v. *Dolton,* 24 Cal.2d 891 [151 P.2d 846], was an action for damages for fraud. The court carefully defined the reasons underlying the rule against splitting a cause of action. We quote from page 894 of the opinion:

"It is clearly established that a party may not split up a single cause of action and make it the basis of separate suits, and in such case the first action may be pleaded in abatement of any subsequent suit on the same claim."

The court then states the reasons for the rule (p. 895):

"(1) That the defendant should be protected against vexatious litigation; and (2) that it is against public policy to permit litigants to consume the time of the court by relitigating matters already judicially determined, or by asserting claims which properly should have been settled in some prior action. Thus, it is said in *Bingham* v. *Kearney, supra* [136 Cal. 175 (68 P. 597)], at page 177: 'It is not the policy of the law to allow a new and different suit between the same parties, concerning the same subject-matter, that has already been litigated; neither will the law allow the parties to trifle with the courts by piecemeal litigation.' "

The subrogation receipt by its terms conveyed away any and all rights of defendant against plaintiff. But if it were interpreted to convey only the rights covered by the insurance, defendant is met with the rule against splitting a cause of action. Defendant, as the insured, and his assignees, as subrogated insurers, are "privies" and the same parties under section 1910 of the Code of Civil Procedure. (*California State Auto. Assn. Inter. Ins. Bureau* v. *Brunella,* 14 Cal.App.2d 464 [58 P.2d 694].)

The counterclaim in this action is based on plaintiff's negligence in causing the fire and the damages sought to be recovered in the federal action were for the same negligence, and, moreover, the same damages. We conclude that defendant's demands in his counterclaim are no longer available to him by the assignment and they are abated by the prior actions.

The setoffs alleged in the counterclaim are not proved. They fail because of an attempt to split a single cause of action for the violation of a right. This right has not only been litigated but fully settled and compromised in the federal court action. We deem it unnecessary to consider whether or not there has been an account stated. (4 Cal.Jur.2d, Appeal and Error, p. 382, § 531; *Colorado Corp., Ltd.* v. *Smith,* 121 Cal.App.2d 374, 377 [263 P.2d 79].) In the case last cited the court says: "Since these findings alone support the judgment, it is unnecessary to discuss the sufficiency of the evidence to support the remaining findings." We conclude that the judgment is supported by the findings that the plaintiff fully performed his contract and since the counterclaim fails of proof, plaintiff is entitled to judgment for the stipulated price of the work performed.

The judgment is affirmed.

Griffin, Acting P. J., and Mussell, J., concurred.