[Civ. No. 12564. Third Dist. Dec. 13, 1971.]

HARRY A. PHILLIPS et al., Cross-complainants and Respondents, v. WESTERN PACIFIC RAILROAD COMPANY, Cross-defendant and Appellant.

## COUNSEL

George A. Weinkauf for Cross-defendant and Appellant.

Blade & Farmer for Cross-complainants and Respondents.

## OPINION

**REGAN, J.** — On December 28, 1966, Cal-Farm Insurance Company (hereinafter "Cal-Farm") filed its complaint designating Harry A. Phillips,

William Phillips (hereinafter "Phillips"), and Western Pacfic Railroad Company (hereinafter "Western Pacific") as defendants, alleging that it was an insurer of personal and real property of Phillips under policies totaling $10,300; that Western Pacific was responsible for a fire which destroyed personal and real property of Phillips and that Cal-Farm paid a portion of Phillips' losses and became subrogated to that extent against Western Pacific. The complaint named Western Pacific; appellant herein, as a defendant responsible in damages to Cal-Farm, and named Phillips, respondents herein, as defendants under the provisions of Code of Civil Procedure section 382.[1]

On February 7, 1967, Western Pacific filed its answer consisting of a general denial to the aforesaid complaint.

On February 10, 1967, Cal-Farm filed interrogatories for Western Pacific to answer. And on February 23, 1967, Western Pacific filed its answers to said interrogatories.

On February 24, 1967, Phillips served and filed their answer to Cal-Farm's complaint and their cross-complaint against Western Pacific, and a copy of proof of service of answer and cross-complaint. In this pleading Phillips denied they had refused to join as co-plaintiffs and by cross-complaint alleged that Western Pacific was negligent in its control of trains on its tracks and the right of way, which caused the fire that damaged the personal and real property of Phillips in the total sum of $47,643. Phillips' cross-complaint further alleged that Cal-Farm had paid a total of $10,300 on the policies of insurance and for which sum Cal-Farm had become subrogated.

On February 24, 1967, Western Pacific served an offer of judgment on Cal-Farm and filed said offer on February 27, 1967. Said offer was for the entire amount claimed by Cal-Farm.

On February 27, 1967, Cal-Farm served its acceptance of said offer on Western Pacific and filed said acceptance on February 28, 1967.

On March 1, 1967, judgment on the aforesaid offer and acceptance was entered in favor of Cal-Farm and against Western Pacific. Notice of entry of said judgment was made to all parties herein on March 1, 1967.

On March 21, 1967, Western Pacific filed its answer to Phillips' cross-complaint. Western Pacific alleged therein, in addition to other matters not

[1] This section provides in pertinent part: "Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant . . . .."

relevant to this appeal, the affirmative defense that Phillips were proceeding on the same cause of action that Cal-Farm did in its complaint and were therefore proceeding on a split cause of action and were barred.

On March 31, 1967, Phillips filed their general demurrer to the aforesaid affirmative defense with accompanying points and authorities.

On May 15, 1967, a hearing was held on Phillips' demurrer and on June 12, 1967, Phillips' demurrer was sustained without leave to amend on the ground that the said affirmative defense did not state facts sufficient to constitute a defense.

On May 19, 1969, trial in this matter commenced and on August 29, 1969, judgment was entered in favor of Phillips and against Western Pacific. The judgment ordered that William Phillips and Harry Phillips recover the sums of $19,798 and $17,144 respectively from Western Pacific and that Western Pacific was entitled to offset the sums previously paid to the insurer Cal-Farm in the amount of $10,000.

The affirmative defense as to which the demurrer was sustained was based on the long-established rule that a single cause of action cannot be split. ■ Otherwise stated, an entire claim cannot be divided and made the basis of several suits. If an effort is made to split a cause of action into more than one lawsuit, the defendant in the second suit may plead the pendency of the first in abatement. If the judgment has previously been rendered on the merits in the first suit, the defendant in the second suit can plead the judgment as a bar, based on res judicata. The rule against splitting has been set forth in numerous cases. (See cases collected in 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 32, pp. 1715-1716.) The California Supreme Court has held that the rule against splitting is based on two principles, as follows: (1) The defendant should be protected against vexatious litigation; and (2) it is against public policy to permit litigants to consume the time of the courts by relitigating matters already judicially determined, or by asserting claims which properly should have been settled in some prior action. (*Wulfjen* v. *Dolton* (1944) 24 Cal.2d 891, 894-895 [151 P.2d 846].)

■ Western Pacific in this appeal contends the cross-complaint was a splitting of the cause originally brought by Cal-Farm. Western bases its argument primarily on the case of *Steigerwald* v. *Godwin* (1956) 144 Cal.App.2d 591, 595-596 [301 P.2d 386], wherein it was held that where there is a complete subrogation of all rights to the insurer, this bars action by counterclaim of the insured primarily because of the assigning away of all rights but also (as dictum) because of the rule against splitting. The

case is distinguishable on its facts from the instant case. The rule against splitting is acknowledged by court decisions to be harsh as applied in some cases and consequently as to some situations approaches to the rule have been developed wherein causes of action should be viewed with flexibility to avoid a harsh result not intended by the basic principles of the rule as enunciated in the *Wulfjen* case, *supra.* One of these situations is in regard to actions by a *partial* assignee or subrogee. Here, we have a partial subrogee in the original plaintiff, Cal-Farm. Such subrogee may sue, as he did here, the negligent party who caused the monetary damage partially paid by the subrogee. (*Automobile Ins. Co.* v. *Union Oil Co.* (1948) 85 Cal.App.2d 302, 305 [193 P.2d 48]; *Hausmann* v. *Farmers Ins. Exchange* (1963) 213 Cal.App.2d 611, 613 [29 Cal.Rptr. 75]; see 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 32, p. 1717; § 99, p. 1775; § 101, pp. 1776-1777; § 102, pp. 1777-1778.)

By joining the insured who was the injured party the plaintiff has not subjected Western Pacific to a split or multiple action but has rather allowed the determination of the entire liability in a single lawsuit. The joinder of Phillips as a defendant and the subsequent cross-complaint of Phillips against Western Pacific as the negligent party has actually *prevented* any attempt at splitting of a claim (by a later action possibly brought by Phillips), not caused a splitting. In fact a possible compulsory joinder requirement confronted the original plaintiff Cal-Farm because Western Pacific was liable on a single claim of Phillips and the partial subrogee should join his subrogor in the same suit, as Western Pacific was entitled to have its liability satisfied in a single action. (Cf. *United States* v. *Aetna Surety Co.* (1949) 338 U.S. 366, 381 [94 L.Ed. 171, 185, 70 S.Ct. 207, 12 A.L.R.2d 444]; *Housmann* v. *Farmers Ins. Exchange, supra,* 213 Cal.App.2d 611.) The subsequent cross-complaint by Phillips was proper. It *prevented* a splitting of causes of action, not caused a splitting. (See 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 149, p. 1822.)

Phillips ask us to consider that even if there was a split, arguendo, of causes of action in violation of the rule, Western Pacific waived the application of the rule by voluntarily causing a judgment to be entered against it in favor of Cal-Farm, and that Western Pacific did this in full knowledge that the judgment would result in a "split" because the cross-complaint was filed. Western Pacific contends that serving by mail from Oroville of the cross-complaint on February 24, 1967, resulted in no knowledge on the part of Western Pacific until Monday, February 27, when the mail was received. Since the offer of judgment against Western Pacific was made to Cal-Farm on February 24, 1967, the argument is that there was no knowledge of the cross-complaint and could therefore be no waiver of some-

thing as to which there was no knowledge. (The offer of judgment was accepted by Cal-Farm on February 27.)

Phillips also ask us to entertain the argument that assuming a split, arguendo, the trial court had the power or authority to approve such a split under the case of *Stark* v. *Coker* (1942) 20 Cal.2d 839, 844 [129 P.2d 390]. In *Stark* the appellate court stated that assuming a split of causes had taken place it was an error, but the court affirmed the judgment in spite of this on other grounds not pertinent here.

We do not find it necessary to rule on the argument of either party based on the arguendo assumption of a split of a single cause of action into two because we conclude that in the case at bench the pleadings and the ruling of the trial court on the demurrer to the answer conform to the principles or tests set forth by the Supreme Court in *Wulffen* v. *Dolton, supra,* 24 Cal.2d at page 895, to wit: (1) Western Pacific was protected against vexatious multiple litigation; and (2) no public policy was violated or offended because there was no earlier action at which the claims could and should have been settled. Both before and after the judgment in favor of Cal-Farm there was only one suit pending against Western Pacific and the fact that it had been able to settle the claim of one of the complaining parties does not create an unauthorized splitting of claims or causes of action. Western Pacific was given a trial on the merits following the ruling on the demurrer and was given credit in the money judgment for money previously paid to Cal-Farm. There is no contention of error in the trial.

The judgment is affirmed.

Richardson, P. J., and Friedman, J., concurred.