STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
Plaintiff-Appellant,

v.

Edward SANDITEN,
Defendant-Appellee.

No. 84CA0066.

Colorado Court of Appeals,
Div. III.

April 4, 1985.

Robert A. Francis, P.C., Robert A. Francis, Aspen, for plaintiff-appellant.

Anstine and Hill, Ronald C. Hill, Ty L. Foster, Denver, for defendant-appellee.

STERNBERG, Judge.

In December 1979, the defendant, Edward Sanditen, was involved in an automobile accident in Colorado in which one Jim Shaw was injured. Shaw collected $5,580 for damage to his car under his collision

coverage with the plaintiff State Farm Mutual Automobile Insurance Company. Shaw sued both the defendant and the State of Colorado to recover other damages resulting from the accident. Following resolution of that action by a compromise settlement, Shaw signed a general release of all claims for damages arising out of that accident.

Subsequently, State Farm filed this subrogation action to recover from the defendant the $5,580 it had paid Shaw. The defendant responded with a motion to dismiss and for an award of attorney fees. The trial court treated this as a motion for summary judgment and granted the relief sought. State Farm appeals, contending that the defendant's insurer, Milbank Insurance Co., is precluded from asserting the release; that the release signed by the victim related only to the bodily injury claim, not State Farm's subrogation claim for property damage; and that the award of attorney fees was an abuse of discretion. We affirm in part, and reverse in part.

## I.

■ There is nothing in the record on appeal to support State Farm's claim that Milbank Insurance company, which is not a party to this action, was precluded from asserting the release. Because the documents that State Farm depends upon on appeal were not presented to the trial court, we do not consider them.

## II.

■ State Farm asserts that the release signed by Shaw did not apply to its subrogation claim because, before signing the release with the defendant, Shaw had already accepted compensation for damage to his car and had assigned his rights to that claim to State Farm. We disagree.

Generally, a release by an insured to a third party tortfeasor who is responsible for the loss, and who is without notice or knowledge of an insurer's rights, is a bar to the insurer's claim to subrogation. *See* 46 C.J.S. *Insurance* § 1209; 6A Appleman, *Insurance Law & Practice* § 4092 (1984).

However, if the tortfeasor is chargeable with notice of the insurer's rights, and enters a settlement with the insured to which the insurer is not a party, the settlement may be regarded as having been made subject to the rights of the insurer. If the insured obtained satisfaction from the tortfeasor and also previously received payment for the loss from the insurer, he must account therefor to the insurer. *See* Appleman, *supra*.

■ Here, the complaint does not allege that the defendant had knowledge of the insurer's subrogation rights. The complaint merely alleged that the defendant owes the insurer the amount of money which was already paid to Shaw. Also, the record does not show that the defendant had knowledge that the insurance carrier had compensated the victim. The release was therefore binding on the insurer. *See Bernhard v. Delluaitante*, 5 Cal.App.2d 585, 43 P.2d 338 (1935); Appleman, *supra; cf. Aetna Casualty Insurance Co. v. Associated Transport, Inc.*, 512 P.2d 137 (Okla. 1973) (after receiving notice of insurer's subrogation rights for the amount paid for damages, tortfeasor could not defeat those rights by settling with the insured alone; therefore, tortfeasor settlement treated as an adjustment of the uninsured portion of the loss).

Furthermore, Shaw signed a release, which was properly acknowledged and witnessed, in which he specifically released all claims which he had or may have in the future as a result of the subject accident. Therefore, because there is no evidence in the record that the defendant had notice of the insurer's claims, and because Shaw made an unqualified release of all claims deriving from that accident, the court properly ruled that State Farm cannot now proceed on a subrogation claim against the defendant.

## III.

■ We do, however, agree with State Farm that the award of attorney fees in this case was an abuse of discretion. At-

torney fees may be awarded pursuant to § 13–17–102, C.R.S. (1984 Cum.Supp.) if the action lacks "substantial justification," *i.e.*, if it was substantially frivolous, substantially groundless, or substantially vexatious. *See Mission Denver Co. v. Pierson*, 674 P.2d 363 (Colo.1984). Although attorney fees may be awarded in the discretion of the court, they should not be awarded merely because a party does not prevail. *See Torres v. Portillos*, 638 P.2d 274 (Colo. 1981).

In this instance, the trial court found that the action was frivolous and groundless merely because State Farm knew of the release before bringing this action. Because there is conflicting authority as to the effect of a release on a subrogation claim, and there was no authority on this particular point in Colorado, we find that the trial court abused its discretion in granting the motion for attorney fees without any further showing of bad faith or vexatiousness.

The judgment is reversed as to attorney fees and affirmed in all other respects.

TURSI and METZGER, JJ., concur.