**Todd SWANSON, Plaintiff–Appellee,**

v.

**PRECISION SALES AND SERVICE, INC., a Colorado corporation, Defendant–Appellant.**

**No. 91CA0745.**

Colorado Court of Appeals, Div. IV.

May 7, 1992.

Coulter & Gloria, P.C., Rodrigo S. Gloria, Denver, for plaintiff-appellee.

Miller & Leher, P.C., J. Matthew DePetro, Littleton, for defendant-appellant.

Opinion by Judge CRISWELL.

Defendant, Precision Sales & Service, Inc. (Precision), appeals from the trial court's refusal to set aside a default judgment entered in favor of plaintiff, Todd Swanson. We affirm.

In October 1990, Swanson filed a complaint against his former employer, Precision, alleging that Precision had failed to compensate him adequately in accordance with the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (1988).

The registered agent of Precision was R. Douglas Spedding. Plaintiff caused the summons and complaint to be served at Spedding's office upon a secretary who was employed, not by Precision, but by another corporation, R.D.S., Inc. R.D.S. is the sole shareholder of Precision, and Spedding, in addition to being the registered agent of Precision, is also the president and director of R.D.S.

Precision did not appear in the action, and following Swanson's motion therefor, the trial court entered default judgment

against Precision in the amount of $2,500 on February 6, 1991.

In March 1991, Precision, pursuant to C.R.C.P. 60, filed its motion to set aside the default. Swanson responded, and following a hearing, the trial court denied Precision's motion and awarded Swanson $1,000 in attorney fees, concluding that the C.R.C.P. 60 motion was substantially groundless and frivolous.

## I.

Precision first argues that the default judgment should have been set aside because the court, at the time it entered that judgment, failed to consider whether venue was proper as required by C.R.C.P. 55(b). We disagree.

First, we conclude that Precision's contention that the trial court failed to consider whether venue was proper is not supported by the record. Indeed, the trial court made an express finding that venue was proper based upon the pleadings before it.

■ Further, improper venue is not a jurisdictional defect that renders a default judgment void. *Sisneros v. First National Bank*, 689 P.2d 1178 (Colo.App.1984).

## II.

■ Precision also argues that the service was not properly effected pursuant to C.R.C.P. 4(e)(1). Again, we disagree.

C.R.C.P. 4(e)(1) provides that personal service may be made upon a "natural person" at that person's usual place of business by delivering the summons and a copy of the complaint to that person's stenographer, bookkeeper, or chief clerk. Further, service upon a corporation is proper if the suit papers are delivered to a corporation's registered agent. C.R.C.P. 4(e)(5).

While the conclusion seems to be at variance with the rule established by the federal courts, *see Gottlieb v. Sandia American Corp.*, 452 F.2d 510 (3d Cir.1971), *cert. denied*, 404 U.S. 938, 92 S.Ct. 274, 30 L.Ed.2d 250 (1971), nevertheless, in *Merrill Chadwick Co. v. October Oil Co.*, 725 P.2d

17 (Colo.App.1986), a panel of this court held that the delivery of suit papers to a registered agent under C.R.C.P. 4(e)(5) may be accomplished in the same manner as a "natural person" may be served under C.R.C.P. 4(e)(1). Thus, delivery of such papers to a registered agent's "stenographer, bookkeeper, or chief clerk" constitutes delivery to that agent.

Precision argues, however, that, because the secretary who was served with the summons and complaint was neither its employee nor Spedding's employee, but was, rather, an employee of another corporation, proper service was not made upon Spedding in his capacity as Precision's registered agent. Consequently, according to Precision, Swanson was required by C.R.C.P. 4(e)(5) to mail a copy of the suit papers to the corporation twenty days before default entered. We conclude, however, that the manner in which Swanson served Precision achieved the basic purpose of C.R.C.P. 4(e) and conforms with our ruling in *Merrill Chadwick Co. v. October Oil Co., supra.*

■ The purpose of the requirement for serving process and a copy of the complaint upon a party defendant is to give that party notice of the commencement of the proceedings so that the party has an opportunity to attend and to prepare a defense. *Grooms v. Greyhound Corp.*, 287 F.2d 95 (6th Cir.1961).

Here, while the secretary was not employed by Precision or by its registered agent in the sense that her salary was paid by another, nevertheless, she was performing services directly for Spedding as his personal secretary at the same address that he had listed as Precision's registered office. It is reasonable to conclude, under these circumstance, that this secretary would have given Spedding notice of the service upon her to the end that Precision would be notified that it had been named in the lawsuit. That the secretary was not on the payroll of either Precision or Spedding does not, therefore, detract from the inference that, because of the relationship between Spedding and her, she was "his stenographer" within the meaning of C.R.C.P.

4(e)(1). Hence, because the underlying purpose of C.R.C.P. 4(e)(1) and (5) is fulfilled in such circumstances, we conclude that such service is proper. *See Martin v. District Court*, 150 Colo. 577, 375 P.2d 105 (1962).

### III.

Precision finally argues that the trial court erred in awarding attorney fees against it based upon the finding that Precision's C.R.C.P. 60 motion was substantially frivolous and groundless. We agree that the trial court's premise for its award was faulty, but we conclude that the plaintiff was, nevertheless, entitled to an award of fees.

Pursuant to § 13–17–102, C.R.S. (1987 Repl.Vol. 6A), a court may award attorney fees if the action lacks "substantial justification," that is, if the action is substantially frivolous, substantially groundless, or substantially vexatious. *State Farm Mutual Auto Insurance Co. v. Sanditen*, 701 P.2d 876 (Colo.App.1985); *see also Mission Denver Co. v. Pierson*, 674 P.2d 363 (Colo.1984). An action is "frivolous" if the proponent cannot present a rational argument which is based on the evidence or law. *Western United Realty, Inc. v. Isaacs*, 679 P.2d 1063 (Colo.1984).

While the awarding of attorney fees lies within the discretion of the trial court, such fees should not be awarded simply because a party does not prevail. *State Farm Mutual Auto Insurance Co. v. Sanditen, supra.*

We have rejected Precision's argument respecting the propriety of the service of process in this case. Nevertheless, that argument did not lack a rational basis in light of the state of the law as it existed at the time. The only opinion relied upon by the trial court in granting Swanson's motion for attorney fees, *Merrill Chadwick Co. v. October Oil Co., supra,* did not expressly address the question whether a stenographer, who is employed by one corporation, can also be, for purposes of C.R.C.P. 4(e)(1) and (5), the stenographer for the registered agent of another corporation that is the target of the lawsuit.

And, Swanson has conceded in the brief filed with us that the decision in that case is not controlling here. Therefore, because the law on this issue was unsettled at the time, we cannot say that Precision's argument was a frivolous one.

However, we also conclude that an award of attorney fees was proper under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (1988), as plaintiff requested in the trial court. That statute provides that a court:

> *shall,* in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fees to be paid by the defendant, and costs of the action. (emphasis supplied)

Further, since Swanson is entitled, under this statute, to reasonable attorney fees incurred on this appeal, we remand this cause to the trial court for the assessment and award of fees for that purpose.

The judgment is affirmed, and the cause is remanded to the trial court for further proceedings as noted.

MARQUEZ and DUBOFSKY, JJ., concur.