**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  KRISTINE L. ADAMS,<br><br>Debtor,<br><br>------------------------------<br><br>KRISTINE L. ADAMS,<br><br>            Appellant / Cross-Appellee,<br><br>  v.<br><br>NEWPORT CREST HOMEOWNERS<br>ASSOCIATION, INC.,<br><br>            Appellee / Cross-Appellant. | Nos.   18-60051, 18-60055<br><br>BAP No. 17-1224<br><br>MEMORANDUM<sup>*</sup> |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Faris, and Spraker, Bankruptcy Judges, Presiding

Argued and Submitted February 14, 2020
Pasadena, California

Before:  SCHROEDER, BERZON, and R. NELSON, Circuit Judges.

Kristine Adams and Newport Crest Homeowners Association, Inc.

("Newport Crest") have been engaged in state court litigation since 2005.  Most of

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

this litigation has related to the enforcement of a settlement agreement with a provision providing for attorney's fees for the prevailing party. While that litigation was ongoing, Ms. Adams declared bankruptcy and obtained a discharge. After the bankruptcy was closed, Newport Crest prevailed in one part of the state court litigation and sought attorney's fees. Ms. Adams did not raise the bankruptcy discharge in opposition to Newport Crest's requests for attorney's fees, and some of Newport Crest's requests for fees were ultimately granted. Newport Crest then successfully reopened Ms. Adams's bankruptcy seeking a determination of whether the attorney's fees awards were discharged as part of Ms. Adams's bankruptcy.

The bankruptcy court held that Newport Crest's attorney's fees awards were not discharged in Ms. Adams's bankruptcy because Ms. Adams had "returned to the fray" by continuing litigation against Newport Crest and that Ms. Adams was barred by claim preclusion from bringing a counterclaim for violation of the bankruptcy discharge because she did not raise the discharge as a defense to the attorney's fees awards in the state court litigation. The Bankruptcy Appellate Panel ("BAP") affirmed the first ruling and declined to reach the second. We review these holdings de novo. *In re Su*, 290 F.3d 1140, 1142 (9th Cir. 2002) (dischargeability); *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321 (9th Cir. 1988) (claim preclusion). We reverse.

1.       Claims to attorney's fees that have not yet been incurred can be "claims,"—albeit, "contingent" ones—that are discharged in bankruptcy. *In re SNTL Corp.*, 571 F.3d 826, 843 (9th Cir. 2009). Such a contingent claim "arises when a claimant can fairly or reasonably contemplate the claim's existence even if a cause of action has not yet accrued under nonbankruptcy law." *In re Castellino Villas, A.K.F. LLC*, 836 F.3d 1028, 1034 (9th Cir. 2016) (internal quotation marks omitted). Here, that test is met. Newport Crest could "fairly and reasonably contemplate" the existence of a contingent claim to attorney's fees at the time of Ms. Adams's bankruptcy because the litigation in which the fees were awarded—which concerned a settlement agreement with an attorney's fees provision—was commenced before Ms. Adams's bankruptcy and was not resolved as part of it. The attorney's fees awards obtained by Newport Crest were therefore discharged in Ms. Adams's bankruptcy. *Id.*

2.       Under California's claim-splitting doctrine, a prior judgment is given claim preclusive effect "on matters which were raised or *could have been raised*" in the first suit. *Wade v. Ports Am. Mgmt. Corp.*, 160 Cal. Rptr. 3d 482, 489 (Ct. App. 2013) (emphasis added) (internal quotation marks omitted). The bankruptcy court relied on this "could have been raised" species of claim preclusion—which is based on principles of waiver, *see McCaffrey v. Wiley*, 230 P.2d 152, 155 (Cal. Ct. App. 1951); *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d

3

914, 918 (9th Cir. 2012)—to dismiss Ms. Adams's counterclaim for violation of the discharge injunction. That reliance was error, because a discharge in bankruptcy remains effective "whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(1); *In re Gurrola*, 328 B.R. 158, 170 (B.A.P. 9th Cir. 2005) (describing a bankruptcy discharge as an "absolute, nonwaivable defense"). Ms. Adams was therefore not barred by claim preclusion from bringing a claim for violation of the discharge injunction.

3.      Because we hold that the attorney's fees awards obtained by Newport Crest were discharged in Ms. Adams's bankruptcy, we need not address Newport Crest's cross appeal on its claims for setoff and recoupment. We therefore decline to address the BAP's holding that it lacked subject matter and supplemental jurisdiction over those claims.

**REVERSED and REMANDED.**