UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| In re: KRISTINE L. ADAMS,<br><br>Debtor,<br><br>------------------------------<br><br>KRISTINE L. ADAMS,<br><br>    Appellant / Cross-Appellee<br><br> v.<br><br>NEWPORT CREST HOMEOWNERS ASSOCIATION, INC.,<br><br>    Appellee / Cross-Appellant | No.    18-60051, 18-60055<br><br>BAP No. 17-1224<br><br>ORDER |

Before:  SCHROEDER, BERZON, and R. NELSON, Circuit Judges.

The petition for panel rehearing is DENIED.  Judges Berzon and R. Nelson vote to DENY the petition for rehearing en banc, and Judge Schroeder so recommends.  The full court has been advised of the petition for rehearing en banc, and no judge of the court has requested a vote on whether to rehear the matter en banc.  Fed. R. App. P. 35.

The memorandum disposition filed on March 6, 2020, is withdrawn.  A new memorandum disposition will be filed concurrently with this order.  A subsequent petition for panel rehearing and/or petition for rehearing en banc may be filed with

respect to the new memorandum disposition in accordance with the requirements

of Federal Rules of Appellate Procedure 40 and 35.

**FILED**

APR 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: KRISTINE L. ADAMS, <br><br> Debtor, <br><br> ------------------------------ <br><br> KRISTINE L. ADAMS, <br><br>      Appellant / Cross-Appellee, <br><br> v. <br><br> NEWPORT CREST HOMEOWNERS ASSOCIATION, INC., <br><br>      Appellee / Cross-Appellant. | Nos. 18-60051, 18-60055 <br><br> BAP No. 17-1224 <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Faris, and Spraker, Bankruptcy Judges, Presiding

Argued and Submitted February 14, 2020
Pasadena, California

Before: SCHROEDER, BERZON, and R. NELSON, Circuit Judges.

Kristine Adams and Newport Crest Homeowners Association, Inc.

("Newport Crest") have been engaged in state court litigation since 2005. Most of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

this litigation has related to the enforcement of a settlement agreement with a provision providing for attorney's fees for the prevailing party. While that litigation was ongoing, Ms. Adams declared bankruptcy and obtained a discharge. After the bankruptcy was closed, Newport Crest prevailed in one part of the state court litigation and sought attorney's fees. Ms. Adams did not raise the bankruptcy discharge in opposition to Newport Crest's requests for attorney's fees, and some of Newport Crest's requests for fees were ultimately granted. Later, Ms. Adams prevailed in a separate part of the state court litigation after a jury trial and was awarded damages. Newport Crest then successfully reopened Ms. Adams's bankruptcy seeking a determination of whether the attorney's fees awards were discharged as part of Ms. Adams's bankruptcy. Newport Crest also sought to setoff and/or recoup whatever attorney's fees it was owed against Ms. Adams's damages award.

The bankruptcy court held that Newport Crest's attorney's fees awards were not discharged in Ms. Adams's bankruptcy because Ms. Adams had "returned to the fray" by continuing litigation against Newport Crest and that Ms. Adams was barred by claim preclusion from bringing a counterclaim for violation of the bankruptcy discharge because she did not raise the discharge as a defense to the attorney's fees awards in the state court litigation. The bankruptcy court also held that Newport Crest was entitled to setoff and recoupment. The Bankruptcy

2

Appellate Panel ("BAP") affirmed the first ruling, declined to reach the second, and held, sua sponte, that the bankruptcy court lacked subject matter and supplemental jurisdiction to rule on the claims for setoff and recoupment. We review these holdings de novo. *In re Su*, 290 F.3d 1140, 1142 (9th Cir. 2002) (dischargeability); *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321 (9th Cir. 1988) (claim preclusion); *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1090 (9th Cir. 2008) (subject matter jurisdiction); *Manufactured Home Cmtys., Inc. v. City of San Jose*, 420 F.3d 1022, 1025 (9th Cir. 2005) (supplemental jurisdiction). We reverse in Case No. 18-60051 and affirm in Case No. 18-60055.

1.      Claims to attorney's fees that have not yet been incurred can be "claims,"—albeit, "contingent" ones—that are discharged in bankruptcy. *In re SNTL Corp.*, 571 F.3d 826, 843 (9th Cir. 2009). Such a contingent claim "arises when a claimant can fairly or reasonably contemplate the claim's existence even if a cause of action has not yet accrued under nonbankruptcy law." *In re Castellino Villas, A.K.F. LLC*, 836 F.3d 1028, 1034 (9th Cir. 2016) (internal quotation marks omitted). Here, that test is met. Newport Crest could "fairly and reasonably contemplate" the existence of a contingent claim to attorney's fees at the time of Ms. Adams's bankruptcy because the litigation in which the fees were awarded—which concerned a settlement agreement with an attorney's fees provision—was commenced before Ms. Adams's bankruptcy and was not resolved as part of it.

3

The attorney's fees awards obtained by Newport Crest were therefore discharged in Ms. Adams's bankruptcy. *Id.*

2. Under California's claim-splitting doctrine, a prior judgment is given claim preclusive effect "on matters which were raised or *could have been raised*" in the first suit. *Wade v. Ports Am. Mgmt. Corp.*, 160 Cal. Rptr. 3d 482, 489 (Ct. App. 2013) (emphasis added) (internal quotation marks omitted). The bankruptcy court relied on this "could have been raised" species of claim preclusion—which is based on principles of waiver, *see McCaffrey v. Wiley*, 230 P.2d 152, 155 (Cal. Ct. App. 1951); *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012)—to dismiss Ms. Adams's counterclaim for violation of the discharge injunction. That reliance was error, because a discharge in bankruptcy remains effective "whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(1); *In re Gurrola*, 328 B.R. 158, 170 (B.A.P. 9th Cir. 2005) (describing a bankruptcy discharge as an "absolute, nonwaivable defense"). Ms. Adams was therefore not barred by claim preclusion from bringing a claim for violation of the discharge injunction.

3. The BAP correctly held that the bankruptcy court lacked subject matter and supplemental jurisdiction over Newport Crest's claims for setoff and recoupment. Those claims do not "aris[e] under" the bankruptcy code or "aris[e] in" only bankruptcy proceedings, nor do they "relate[] to" interpretation of the

bankruptcy plan. 28 U.S.C. § 1334(b); *In re Wilshire Courtyard*, 729 F.3d 1279, 1285–88 (9th Cir. 2013). Moreover, the claims do not share a "common nucleus of operative fact" with Newport Crest's claim that the attorney's fees awards were not discharged in bankruptcy. *See Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (internal quotation marks omitted). The bankruptcy court therefore lacked subject matter and supplemental jurisdiction over those claims.

**18-60051 - REVERSED and REMANDED**
**18-60055 - AFFIRMED**